**STATE of Maine**

v.

**Walter HINDS.**

Supreme Judicial Court of Maine.

Argued Nov. 2, 1981.

Decided Nov. 25, 1981.

John R. Atwood, Dist. Atty., Robert VanWyck (orally), Asst. Dist. Atty., Wiscasset, for plaintiff.

Thomas A. Berry (orally), Boothbay Harbor, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

McKUSICK, Chief Justice.

Defendant was found guilty by a jury of burglary, 17–A M.R.S.A. § 401 (Supp.1981);

rape, *id.*, § 252; and gross sexual misconduct, *id.*, § 253. The Superior Court, Lincoln County, entered judgment and imposed sentence of ten years for burglary and twenty years for each of the sexual offenses, to be served concurrently. We affirm the convictions.

■ Over objection, the presiding justice permitted defendant's employer to testify that defendant had called her two and one-half hours after the incident to say, "I really blew it last night." Defendant contends that this statement was so ambiguous, and yet so likely to be interpreted by the jury as an admission, that its unfair prejudicial effect substantially outweighed its probative value. M.R.Evid. 403.

Had this statement been admitted without a proper foundation to narrow its meaning, defendant's objection would be well taken. At trial, however, it was preceded by testimony of two police officers who had questioned defendant after his arrest only a few hours after the crime. They testified that defendant had been able to account for his whereabouts at all times on the night before, except between the hours of 3:00 to 5:00 a. m., when the attack had occurred. Since none of the activities defendant had recalled from the prior night were such as would later make a reasonable person express remorse, his statement of regret must have referred to whatever he had done between 3:00 and 5:00 a. m. Independent evidence linking defendant to the crime, including an identification by the victim and his own confession, made it extremely unlikely that his remorse was spurred by some other event.

M.R.Evid. 403 requires the trial judge to make a balancing of probative value against unfair prejudice. In this case, foundational evidence that preceded admission of defendant's facially ambiguous statement so clarified its meaning as to make the statement highly probative. The statement was indeed prejudicial to defendant, as would be any evidence tending to show guilt, but the danger of its leading the jury to an incorrect conclusion was so slight as to preclude fears that the prejudice was unfair.

Rulings on questions of admissibility under M.R.Evid. 403 are within the sound discretion of the trial court—a discretion we have previously described as "of broad range." *State v. Doughty*, Me., 399 A.2d 1319, 1323 (1979). The presiding justice excluded the statement now at issue when the State first sought to admit it because the police officers had not yet given their foundational testimony. By insisting that the State reduce the ambiguity before admitting the statement, the presiding justice demonstrated her sensitivity to the competing interests embodied in M.R.Evid. 403 and exercised her discretion properly.

■ Defendant also attacks the voluntariness of written and oral confessions he executed while in custody, claiming that they were impermissibly extracted by promises of good treatment and by the overbearing of his will at a time when he was in poor physical and emotional condition. The voluntariness of these confessions is a question that has already been resolved by two Superior Court justices in two separate hearings, the second having been granted by the trial justice to permit defendant to present additional evidence supposedly corroborating his testimony. Both justices resolved the conflicting evidence against defendant. Under the standard of review applicable to this question on appeal, we must affirm if a rational factfinder could have concluded beyond a reasonable doubt that the confessions were voluntarily made. *State v. Theriault*, Me., 425 A.2d 986, 988 n. 2, 989 (1981). Our reading of the record convinces us that there is ample evidence to sustain the decision of the justices below under that standard.

We have carefully reviewed both the facts and the law applicable to four other claims of error in the trial leading to defendant's conviction. None of them merits discussion.

The entry must be:

Judgments of conviction affirmed.

All concurring.