STATE OF NORTH CAROLINA v. DAVID ALAN WRIGHT

No. 8922SC517

(Filed 5 June 1990)

**Rape and Allied Offenses § 4.1 (NCI3d) — statutory rape — evidence of masturbation by victim**

In a prosecution of defendant for the statutory rape of his stepdaughter, testimony by the victim's grandmother that she had observed the victim masturbate with a washcloth and with her fingers on several occasions should have been admitted pursuant to N.C.G.S. § 8C-1, Rule 412(b)(2) as evidence of specific incidences of sexual behavior offered for the purpose of showing that the acts charged were not committed by defendant where the victim's pediatrician testified that genital irritation she observed on the victim could have been caused by repeated acts of intercourse, penetration with other objects, or masturbation.

**Am Jur 2d, Rape §§ 15, 18, 85, 86.**

APPEAL by defendant from judgment entered 17 November 1988 by *Judge Ralph A. Walker* in IREDELL County Superior Court. Heard in the Court of Appeals 10 January 1990.

*Lacy H. Thornburg, Attorney General, by Laura E. Crumpler, Assistant Attorney General, for the State.*

*Glover & Petersen, P.A., by Ann B. Petersen, and Bailey, Patterson, Caddell & Bailey, P.A., by Allen A. Bailey, for defendant-appellant.*

STATE v. WRIGHT

[98 N.C. App. 658 (1990)]

GREENE, Judge.

Defendant appeals his jury conviction of statutory first-degree rape. The trial court sentenced defendant to prison for life.

The record shows that the grand jury indicted 32-year-old defendant for the offense of having sexual intercourse with defendant's 11-year-old stepdaughter on approximately 28 January 1988, in violation of N.C.G.S. § 14-27.2 (1986). Prosecutrix was twelve years old at the time of trial.

During trial, the State adduced prosecutrix's testimony that defendant had intercourse with her a number of times before the date for which defendant was indicted, and that on the date of indictment her mother went to a hospital to visit a relative and left prosecutrix alone with defendant, who allegedly got into bed and had intercourse with prosecutrix.

After prosecutrix testified, prosecutrix's pediatrician, Dr. Amy Ferguson ("physician") testified. After several routine office visits, physician examined prosecutrix in a hospital emergency room on 28 November 1987, when prosecutrix complained about a spanking that defendant administered to her. Physician examined prosecutrix for evidence of physical abuse but found none, although during a cursory visual examination she noted chronic irritation of prosecutrix's external genitalia. Based on the irritation, physician asked prosecutrix whether she had been sexually abused, and prosecutrix denied sexual abuse. After prosecutrix denied sexual abuse, physician testified that she did not believe that a pelvic examination was necessary. Physician testified that she again examined prosecutrix on 10 February 1988 after prosecutrix complained of defendant's sexual abuse. Physician testified that during a pelvic examination of prosecutrix, she again found chronic internal and external irritation of prosecutrix's vagina and decreased muscle tone for a child of prosecutrix's age. Physician gave her opinion that the condition of prosecutrix's genitalia was consistent with numerous penetrations and repeated acts of intercourse. She also testified that these physical findings were consistent with repeated masturbation and "chronic penetration with other objects."

After the State rested its case, defendant sought to introduce testimony by prosecutrix's maternal grandmother ("Grandmother"), to show evidence of prosecutrix's repeated acts of masturbation as alternate explanations for prosecutrix's genital condition. Pur-

suant to the State's objections based on the 'rape shield' evidence statute, N.C.G.S. § 8C-1, Rule 412, the trial court conducted an *in camera* hearing to determine whether the evidence was admissible. At the hearing, Grandmother testified: she observed prosecutrix in the bathtub "trying to push a washcloth inside of her [vagina] . . . using . . . two fingers," that "[p]robably three-fourths" of a terrycloth washcloth with dimensions of six inches by six inches was in prosecutrix's vagina, that she cared for prosecutrix on several occasions and that she "had seen [prosecutrix] doing [a similar thing in the bathroom] quite a bit," including an instance during the summer of 1987, the summer before the alleged rape. During that time, she testified that she observed prosecutrix with her entire index finger inserted in her vagina, "just moving her finger back and forth." She testified that "[prosecutrix] did not try to hide the fact that she played with herself. She would be laying on the couch watching TV through her clothes [sic], rubbing herself. It was just practically all the time." She testified that she first saw prosecutrix exhibit similar behavior when prosecutrix was five years old when "[prosecutrix] had her hands down in her pants. She was standing with her legs bowed out . . . [s]he had her right hand down in there and she was moving her arm up and down." She testified that after prosecutrix ceased this behavior "she would be very red around her vagina." She testified that when prosecutrix was five years old and before prosecutrix's mother and defendant were married, she observed prosecutrix trying to place a little boy's penis in her vagina, after which prosecutrix had redness around the outside of her vagina.

After hearing the *in camera* evidence, the trial court ruled on defendant's request to admit evidence:

> There are several things that strike me. If the incident involving the washcloth did occur, [physician] testified that her findings were consistent with [prosecutrix] having been penetrated by a large object. Whether or not the washcloth, how far it had protruded, whether for personal hygiene or self[-]gratification, there is just too much speculation as far as that evidence is concerned and whether or not a washcloth being pushed by two fingers could have caused the opening of the hymen to the extent testified to by [physician]. Obviously, [Grandmother], since '84 or '85 has interpreted a lot of [prosecutrix]'s actions as being manipulation or masturbation or playing with herself. Whether that has been out of curiosity

or just a natural tendency for her hand to go to her genital area is so much speculation. There is absolutely no evidence that anything was done about this to suggest that this may be a cause of [prosecutrix]'s story or this would explain [prosecutrix]'s condition found by [physician] would leave too much to speculation to the jury and on the grounds of relevancy and on the question of it falling within the exceptions to the rape shield statutes, I have considerable problem with whether or not it does in fact fall into that exception and; therefore, it would be highly prejudicial at this juncture to interject this into the evidence. I find that the evidence should not be heard by the jury.

The court later allowed Grandmother to testify before the jury about prosecutrix's single act of pushing the washcloth into her vagina, stating: "[u]pon reconsideration[,] the court has . . . determined that the evidence involving the incident to which this witness has testified involving [prosecutrix] . . . should be admissible and should be heard by the jury; therefore, the court has admitted this evidence to this extent."

Defendant testified and denied that he had ever touched prosecutrix sexually or had intercourse with her.

---

The dispositive issue is whether the excluded *in camera* testimony from Grandmother showed (I) prosecutrix's 'sexual behavior' which (II) was relevant according to Rule 412(b).

Rule 412 prohibits introduction of evidence of the complainant's sexual behavior during prosecution of a rape offense unless such evidence is relevant. N.C.G.S. § 8C-1, Rule 412 (Cum. Supp. 1989). We must determine whether Grandmother's testimony was evidence of sexual behavior of the complainant and, if so, whether that evidence was relevant as that term is defined by Rule 412(b).

I

Sexual behavior is defined by statute as "sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial." N.C.G.S. § 8C-1, Rule 412(a).

Grandmother's excluded testimony shows complainant's sexual activity in the form of masturbation. This 'sexual behavior' clearly

was not 'the sexual act at issue in the indictment,' intercourse between defendant and prosecutrix.

## II

Relevant evidence is defined in Rule 412 as any evidence of sexual behavior which:

> (1) Was between the complainant and defendant; or (2) [i]s evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant; or (3) [i]s evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented; or (4) [i]s evidence of sexual behavior offered as a basis of expert psychological or psychiatric opinion that the complainant fantasized or invented the act or acts charged.

N.C.G.S. § 8C-1, Rule 412(b).

Grandmother's excluded testimony was that she observed prosecutrix masturbate with a washcloth and with her fingers on several occasions. Physician's testimony was that repeated acts of intercourse, penetration or masturbation could create the degree of irritation that prosecutrix suffered. Therefore, Grandmother's excluded evidence provided an alternative explanation for the victim's physical condition, consistent with physician's testimony and should have been admitted as evidence relating to whether the rape occurred. See State v. Ollis, 318 N.C. 370, 376, 348 S.E.2d 777, 781 (1986). The excluded evidence was "evidence of specific incidences of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant" and therefore was relevant evidence. N.C.G.S. § 8C-1, Rule 412(b)(2). Although acting in an inadvertent and blameless manner, prosecutrix clearly qualifies as someone other than defendant who could have caused her physical injuries. The evidence was offered to show that prosecutrix's genital condition could have occurred without intercourse. Accordingly, the trial court erred in excluding Grandmother's testimony.

Furthermore, we determine that the error was prejudicial to defendant because it "probably influenced the jury verdict." See

*Dept. of Transportation v. Craine,* 89 N.C. App. 223, 226, 365 S.E.2d 694, 697, *dism. allowed, review denied,* 322 N.C. 479, 370 S.E.2d 221 (1988). Since prosecutrix's acts of penetrative masturbation were the only alternative explanation for the condition of her genitalia, and limitation of testimony concerning prosecutrix's masturbation left the jury with no alternative to the State's contention that only intercourse would have caused the degree of genital irritation that prosecutrix experienced, omission of the evidence requires a new trial.

Because this error requires new trial, we do not address defendant's remaining assignments of error.

New trial.

Judges JOHNSON and PARKER concur.