STATE OF NORTH CAROLINA v. FRANKLIN RAY HYDER

No. 8924SC1340

(Filed 18 September 1990)

1. **Indictment and Warrant § 12.2 (NCI3d)— indictment—name of county changed—no error**

     The trial court did not err in a prosecution for delivering a controlled substance by granting the State's motion to strike "Watauga County" and insert "Mitchell County." Although N.C.G.S. § 15A-923(e) provides that a bill of indictment may not be amended, the defendant could not have been misled or surprised as to the nature of the charges against him and the substitution of Mitchell County for Watauga County did not amount to an impermissible amendment of the indictment as it did not alter the charge.

     **Am Jur 2d, Indictments and Informations §§ 174, 180, 188, 192.**

2. **Criminal Law § 162.2 (NCI3d)— hearsay—objection not timely—right to argue on appeal waived**

     Defendant in a prosecution for delivering a controlled substance did not object in apt time and thereby waived his right to argue on appeal that an out-of-court statement was hearsay.

     **Am Jur 2d, Appeal and Error §§ 562, 603; Evidence § 494.**

3. **Criminal Law § 169.3 (NCI3d)— out-of-court statement—fact established by other evidence—no prejudice**

     There was no prejudice in a prosecution for delivering a controlled substance from the admission of an out-of-court statement that defendant was growing marijuana in Tennessee where that fact had already been established without objection.

     **Am Jur 2d, Appeal and Error §§ 562, 603; Evidence § 494.**

4. **Criminal Law § 1196 (NCI4th)— sentencing—mitigating factor—no evidence**

     The trial court did not abuse its discretion in a prosecution for delivering a controlled substance by not considering defendant's physical condition as a mitigating factor. The only mention of defendant's physical condition was in defense

counsel's argument, the State did not stipulate to the existence of this mitigating factor, and, under *State v. Swimm*, 316 N.C. 24, there was no evidence that defendant's physical condition was before the court.

**Am Jur 2d, Criminal Law §§ 527, 598, 599; Drugs, Narcotics, and Poisons § 48.**

5. **Criminal Law § 1117 (NCI4th)— sentencing—involvement of children in drugs—not improperly considered**

There was no error in sentencing defendant to maximum terms for delivery of a controlled substance and delivery of a controlled substance to a person under sixteen years of age while defendant was over eighteen years of age. Although defendant contends that the judge's statements clearly indicate that he believed that both of defendant's sons began using marijuana after defendant delivered it to them and that there is no evidence that one of the sons ever used marijuana, it is clear that defendant was sentenced prior to any comment made about defendant's son's use of drugs and the record contains statutory aggravating factors supporting the sentence.

**Am Jur 2d, Criminal Law §§ 527, 598, 599; Drugs, Narcotics, and Poisons § 48.**

APPEAL by defendant from judgment entered 3 October 1989 by *Judge Samuel A. Wilson III* in MITCHELL County Superior Court. Heard in the Court of Appeals 20 August 1990.

*Lacy H. Thornburg, Attorney General, by J. Charles Waldrup, Assistant Attorney General, for the State.*

*Kyle D. Austin for defendant-appellant.*

GREENE, Judge.

The defendant appeals from a judgment entered 3 October 1989, which judgment was based upon a jury verdict convicting defendant of two violations of N.C.G.S. § 90-95(a)(1) (1985), delivery of a controlled substance (file number 88CRS827) and delivery of a controlled substance to a person under 16 years of age while defendant was over 18 years of age (file number 88CRS826).

On 11 July 1988, a Mitchell County grand jury indicted the defendant for two violations of N.C.G.S. § 90-95(a)(1). The first

indictment, 88CRS826, accused the defendant of delivery of a controlled substance to a person under 16 years of age by a person over 18 years of age. In the top left corner of the indictment, "Watauga," not "Mitchell," was placed as the county from which the indictment was issued. On 14 September 1989, the defendant moved to dismiss the indictment because of this error. At trial, the State moved "to strike the word Watauga County and insert in lieu thereof Mitchell County." The trial court denied the defendant's motion and granted the State's motion on the grounds that "the designation of the county as 'Watauga' in the indictment issued by the grand jury in Mitchell County was a typographical error and has no way mislead [sic] the Defendant of the nature of the charges against him."

The State's evidence at trial tended to show that in August 1987 the defendant delivered a brown paper bag containing fifteen to twenty plastic bags full of marijuana to his two sons, Tim and Dale Hyder. When the defendant's sons received the marijuana, they took it behind their house and concealed it. At that time, Tim was 17 years old, and Dale was 15 years old. The boys lived with their mother in Mitchell County, and the defendant lived in Tennessee.

In August and September of 1987, Michael Nash (Nash), a deputy sheriff in Mitchell County, worked as an undercover officer. On three separate days in early September, Nash purchased a total of approximately 112 grams of marijuana from the defendant's sons. After the boys were arrested for charges relating to the sale of the marijuana, they each gave statements to two other Mitchell County sheriffs concerning various items, including the fact that the defendant had delivered the marijuana to them in August 1987. At his arraignment, the defendant entered a plea of not guilty on both charges. The defendant presented no evidence at trial.

As punishment for 88CRS826, the trial judge sentenced the defendant to the maximum term of imprisonment, thirty years. As punishment for 88CRS827, the trial judge sentenced the defendant to the maximum term of imprisonment, five years. On appeal, the defendant seeks either a new trial or a new sentencing hearing.

The issues are: (I) whether the trial court erred in denying defendant's motion to dismiss the indictment in 88CRS826; (II)

whether the trial court erred in allowing two separate portions of an out-of-court statement to be read into evidence, (A) the first portion concerning a statement made by the defendant to Dale Hyder and (B) the second portion concerning a matter within Dale's personal knowledge; (III) whether the trial court erred in refusing to consider the defendant's physical condition as a mitigating factor; and (IV) whether the trial court considered improper nonstatutory aggravating factors in reaching its conclusion to impose the maximum sentences upon the defendant.

I

[1] Defendant argues that the trial court violated N.C.G.S. § 15A-923(e) (1988) by improperly amending the indictment in 88CRS826 when the trial court granted the State's motion "to strike the word Watauga County and insert in lieu thereof Mitchell County." We disagree.

N.C.G.S. § 15A-923(e) instructs that "[a] bill of indictment may not be amended." The statute does not define the term "amendment." Our courts, however, have defined the term to mean "any change in the indictment which would substantially alter the charge set forth in the indictment." *State v. Carrington*, 35 N.C. App. 53, 58, 240 S.E.2d 475, 478, *disc. rev. denied*, 294 N.C. 737, 244 S.E.2d 155 (1978). The trial court concluded that the error in the first indictment was a mere typographical error that in no way misled the defendant as to the nature of the charges against him. We agree. The defendant could not have been misled or surprised as to the nature of the charges against him, and the substitution of Mitchell County for Watauga County did not amount to an impermissible amendment of the indictment under N.C.G.S. § 15A-923(e) as it did not alter the charge in the indictment. *See also State v. Price*, 310 N.C. 596, 313 S.E.2d 556 (1984) (change of date of offense was not an amendment as the change related to time, not an essential element of the murder charge); *State v. Bailey*, 97 N.C. App. 472, 389 S.E.2d 131 (1990) (trial court properly allowed State's motion to correct three indictments where indictments referred to victim as Pettress Cebron, but victim's name actually was Cebron Pettress); *State v. Kamtsiklis*, 94 N.C. App. 250, 380 S.E.2d 400 (1989) (conspiracy charges not substantially altered by changing dates in indictments); *State v. Marshall*, 92 N.C. App. 398, 374 S.E.2d 874 (1988) (addition of victim's last name to one

of four indictments not amendment as defendant was not misled or surprised as to the nature of the charges against him).

## II

[2]   At trial, the State called as a witness Coy Hollifield (Hollifield), the sheriff in Mitchell County. Without objection, Hollifield began reading into evidence the statement given by Dale Hyder when he was arrested. After Hollifield had read nearly two pages of the statement, the defendant began generally objecting to various portions of the statement. The first portion concerned a statement made by the defendant to Dale Hyder. The second portion apparently concerned facts about which Dale had firsthand knowledge.

## A

The first portion of the statement appears in the transcript as follows:

Q. All right. What, if anything, did he [Dale] at that time tell you Sheriff Hollifield?

A. Vernon Bishop was the man that actually did the interview, of course, I asked questions as we went down, and I'll just read the interview, if that's okay with you. Vernon asked the question, do you ahh go by Franklin or by Dale, and he stated Dale. Vernon asked, stated said I'm Vernon Bishop and this is Danny Braswell and this is Sheriff Hollifield I guess your attorney has already told you what is going on, Dale stated yeah. Vernon, what basically what I need to know is where you got the marijuana that you sold to the undercover agent during the undercover campaign. Dale, I got it from my dad. And then I asked him a question, are you taping this now, and we were taping the conversation between us, and Vernon said yes, and he asked your dad's full name, and Frank—or Dale answered Franklin Ray Hyder. I asked a question, ahh I said, Dale is it and he said yes. And then I asked a question, what other name does your father go by, and he stated that he didn't go by any other name that he knew of. Vernon asked the question, ahh the first transaction was around the first of September, when did you bring the marijuana—when did he bring the marijuana to you, Dale stated about the last of August, middle or last of August. Vernon, okay, what time of the day or night was it, do you remember? Dale, it was the night. Vernon, now was it—how was it packaged, we want

to get specific here, and I asked the question, ahh I was just, and then I said I was writing my questions down to ask when you got through, and that was my first question, Dale stated, it was in a brown grocery bag and it was in, the marijuana was in freezer bags. Vernon asked the question, plastic, Dale answered yes. Vernon, okay, he had this, he had individually packaged in freezer bags in a big paper sack. Dale answered yes. Vernon, how many small packages were there? Dale, I guess twenty. Vernon, about how many marijuana — how much marijuana was in the individual bags? Dale stated about an ounce. Vernon, about an ounce in each bag? Dale stated yes. Vernon, what was the conversation that took place when he went — when he came up, came over the mountain with the marijuana? What went on? Dale, he just said keep this for me, and try to sell it —

MR. AUSTIN: OBJECTION and MOVE TO STRIKE.

THE COURT: OVERRULED.

The defendant argues that the entire statement was hearsay and that the only purpose for which the statement could have been properly admitted would have been to corroborate Dale's earlier testimony. However, since the statement did not corroborate Dale's testimony at trial, the defendant argues that such a purpose was not served. Therefore, the statement should not have been allowed into evidence. We do not address the merits of the defendant's argument because the defendant failed to object to the statement in a timely manner.

"[U]nder Rule 103 of the North Carolina Rules of Evidence, error may not be predicated on a ruling admitting evidence unless a *timely objection* or motion to strike appears in the record." *State v. Reid*, 322 N.C. 309, 312, 367 S.E.2d 672, 674 (1988) (emphasis added); *see also* N.C.G.S. § 15A-1446(a) (1988) and N.C.R. App. P. 10(b)(1). A timely objection is one " 'made in apt time, that is, as soon as the opponent has the opportunity to learn that the evidence is objectionable.' " *State v. Edwards*, 274 N.C. 431, 434, 163 S.E.2d 767, 769 (1968) (citation omitted). "Failure to make an appropriate and timely motion or objection constitutes a waiver of the right to assert the alleged error upon appeal." N.C.G.S. § 15A-1446(b) (1988); *see also Reid*; 1 Brandis, *Brandis on North Carolina Evidence* § 27 (3d ed. 1988). Applying these rules to the trial court's alleged error, the defendant did not object in apt

time and thereby has waived the right to argue the alleged error in this appeal. As to the alleged error regarding this statement, the defendant's objection was made after Hollifield had read into evidence Dale Hyder's answer to the officer's questions. The objection was simply too late as the defendant was fully aware throughout the reading of the statement that it was an out-of-court statement offered for the truth of the matters contained within it.

B

[3] The second portion of Dale Hyder's statement to which the defendant assigns error concerns a matter apparently within Dale's personal knowledge. The defendant generally objected to portions of Dale's statement which show that Dale knew that the defendant grew marijuana in Tennessee. The relevant portions of Dale's statement appear in the transcript as follows:

A. Dale, yes. Vernon, did he ever tell you where he got the marijuana? Dale, he grew it —

MR. AUSTIN: OBJECTION.

THE COURT: OVERRULED.

Q. Vernon, he told you he grew it? Dale, I know he did. Vernon, but did you ever — but did he ever tell you that? And then I asked the question, did you see where he grew it at, is that what you are telling us?

MR. AUSTIN: OBJECTION.

THE COURT: OVERRULED.

A. Dale, yes. And I made the statement okay. Dale, I know for a fact he grew it. I asked the question, go ahead and talk to him then. Vernon, you saw it growing? Dale stated yes. I asked the question where at? Dale stated in his garden behind his house. I asked the question in Tennessee? Dale stated yes;

The defendant argues that the trial court erred in admitting this portion of the statement because Dale had not previously testified as to this matter and that therefore the statement did not add weight to his earlier testimony. The defendant therefore argues that admission of this portion of the statement violates a recent Supreme Court case, *State v. Ramey*, 318 N.C. 457, 349 S.E.2d 566 (1986). Assuming *arguendo* that the evidence was improperly

admitted, the defendant was not prejudiced by its admission. Earlier testimony by the defendant's other son, Tim, revealed the fact that Tim knew that his father grew marijuana in Tennessee. This testimony was admitted without objection. Therefore, the fact that the defendant grew marijuana in Tennessee had already been established without objection. Our Supreme Court has stated on various occasions that prejudicial error cannot be shown when "preceding testimony given without objection is substantially the same as the testimony challenged." *Stockwell v. Brown*, 254 N.C. 662, 667, 119 S.E.2d 795, 798 (1961). *See also Wilson County Board of Ed. v. Lamm*, 276 N.C. 487, 173 S.E.2d 281 (1970); *Hall v. Atkinson*, 255 N.C. 579, 122 S.E.2d 200 (1961). Based upon the settled law, the defendant was not prejudiced by admission of Dale's statement.

III

[4] The defendant assigns error to the trial court's refusal to consider the defendant's physical condition as a mitigating factor to the crimes. The defendant argues that the uncontested evidence proves that he suffered from serious medical problems which constitute a mitigating factor. We disagree.

"Where evidence in support of a mitigating factor is uncontradicted, substantial and inherently credible, it is error for the trial court to fail to find that mitigating factor. . . . The defendant has the burden of establishing mitigating factors by a preponderance of the evidence." *State v. Grier*, 70 N.C. App. 40, 48, 318 S.E.2d 889, 894-95 (1984) (citations omitted). "Finding that a mitigating factor exists is within the trial judge's discretion and will not be disturbed on appeal absent a showing that the court's ruling was so arbitrary that it could not be the result of a reasoned decision." *State v. Kinney*, 92 N.C. App. 671, 678, 375 S.E.2d 692, 696 (1989). Here, because the defendant did not meet his burden of establishing the existence of a mitigating factor, the trial court did not abuse its discretion in refusing to find that the defendant suffered from serious medical problems.

Our Supreme Court has ruled that "statements made by defense counsel during argument at the sentencing hearing do not constitute evidence in support of statutory mitigating factors. . . . Such statements may, of course, constitute adequate evidence of the existence of aggravating or mitigating factors if the opposing party so stipulates." *State v. Swimm*, 316 N.C. 24, 32, 340 S.E.2d 65, 71 (1986) (citation omitted). In this case, the only mention of

the defendant's physical condition was in defense counsel's argument at the sentencing hearing. No other testimony appears in the record which would support the assertion that the defendant suffered from serious medical problems. Likewise, the State did not stipulate to the existence of such a mitigating factor. Therefore, under *Swimm*, there was no evidence of the defendant's physical condition before the trial court for it to consider.

## IV

[5] At the end of the sentencing hearing, and after the trial judge had informed the parties as to which aggravating and mitigating factors he had found, the judge sentenced the defendant on both convictions. After sentencing was complete, the trial judge lectured the defendant as follows:

> Mr. Hyder, I want to say to you I find this crime particularly despicable, not only did you involve someone under sixteen, but it was your own son, and you have prior to this the evidence is that you, they had not been involved with drugs following your delivery of this substance to them they began using, moreover they sold it in this community, and but for your criminal action that would not have occurred, and I am therefore imposing the severest penalty I can. The Defendant is in your custody.

Based on the above-quoted passage, the defendant argues that the trial court clearly believed that both of the defendant's sons began using marijuana after the defendant delivered it to them. The defendant argues that because there is no evidence in the record to support any finding that Tim Hyder ever used marijuana, the trial court erred in considering Tim's drug use as an aggravating factor. We find this immaterial as the record is clear that the defendant was sentenced prior to any comment made to the defendant about his son's use of drugs. Since the record contains statutory aggravating factors to which the defendant does not complain, and since these factors support the sentence rendered by the trial court, we find no error. *State v. Flowers*, 100 N.C. App. 58, 394 S.E.2d 296 (1990).

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.