STATE OF NORTH CAROLINA v. WILLIAM LESTER HOLDEN

No. 9129SC165

(Filed 19 May 1992)

1. **Evidence and Witnesses § 123 (NCI4th)— rape of child—prior abuse of child by another—irrelevancy**

     In a prosecution for first degree rape of a child, evidence that someone else may have abused the child in 1986 was irrelevant and not admissible under N.C.G.S. § 8C-1, Rule 412(b)(2) to show that defendant did not abuse her in 1989.

     **Am Jur 2d, Rape § 54.**

2. **Criminal Law § 951 (NCI4th)— motion for new trial—question of law—hearing not required**

     The trial court did not err in denying defendant's motion for a new trial without a hearing where only a question of

law was presented as to whether the court had properly ex-
cluded certain evidence.

**Am Jur 2d, New Trial § 340.**

3. **Evidence and Witnesses § 977 (NCI4th)— child's hearsay
   statements — admission under residual exception — circumstan-
   tial guarantees of trustworthiness**

   A six-year-old rape victim's statements to an officer and
   a counselor naming "Cricket," the defendant, as her abuser
   possessed circumstantial guarantees of trustworthiness so as
   to support the trial court's admission of the statements under
   the Rule 803(24) residual exception to the hearsay rule where
   the trial court's findings on the trustworthiness factor were
   supported by competent evidence, and the witness was found
   to be unavailable because of "fear and trepidation." The trial
   judge's statement in the transcript of the *in camera* hearing
   that the child "did not seem to understand the consequences
   of not telling the truth," standing alone and not made the
   basis for his finding that the child was unavailable, was insuffi-
   cient to overcome the circumstantial indicia of reliability prop-
   erly found by the trial judge in his order. Furthermore, any
   error in the admission of the victim's statements to the officer
   and counselor was rendered harmless when similar statements
   made by the victim to her mother and a pediatrician were
   admitted without objection. N.C.G.S. § 1A-1, Rule 803(24).

   **Am Jur 2d, Rape §§ 94, 95, 101.**

   **Modern status of rule regarding necessity for corrobora-
   tion of victim's testimony in prosecution for sexual offense.
   31 ALR4th 120.**

   Judge WELLS concurring in the result.

APPEAL by defendant from judgment entered 28 August 1990
by *Judge Hollis M. Owens, Jr.*, in TRANSYLVANIA County Superior
Court. Heard in the Court of Appeals 6 January 1992.

Defendant is the grandfather of the victim. He was indicted
on one count of first degree rape and one count of first degree
sex offense and was convicted of first degree rape. Defendant ap-
peals from the imposition of a life sentence.

STATE v. HOLDEN

[106 N.C. App. 244 (1992)]

At trial, the State's evidence tended to show the following. The six year old victim, whom we will call T.L., lived part of each month with her mother and the remainder of the month with her grandparents, Minnie Holden and the defendant, pursuant to a visitation order. In April 1989, Steve Lewis, a social worker with the Transylvania County Department of Social Services, investigated a report of possible physical abuse of the victim and as a result of his observations, referred her for a medical evaluation. Dr. Wells, a pediatrician, examined T.L. on 19 June 1989. His examination revealed abnormal findings in her vaginal and rectal areas consistent with sexual abuse. T.L. would not tell Dr. Wells who was responsible for the injuries. Dr. Wells saw T.L. again on 27 July 1989, during which visit she whispered to her mother that "Cricket" had hurt her. "Cricket" is "papaw," the defendant.

T.L. was interviewed by Detective Rita Smith of the Transylvania County Sheriff's Department and by Judy Nebrig, a counselor at Trend Community Mental Health Services, both of whom testified at trial as to what T.L. told them "Cricket" had done to her.

Steve Lewis testified that T.L. exhibited the "classic behavior" of a sexually abused child. Judy Nebrig testified that T.L. exhibited evidence of sexual abuse.

Six family members and two Head Start workers testified for defendant at trial. Their testimony was to the effect that they suspected and saw evidence that T.L. was being physically abused by her mother and stepfather. Defendant testified that he had never hurt T.L. and that he felt that T.L.'s mother, Donna, and Donna's mother had plotted against him.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Ellen B. Scouten, for the State.*

*V. Scott Peterson for defendant-appellant.*

JOHNSON, Judge.

I.

[1] Defendant first contends that the trial court erred in excluding evidence of sexual abuse occurring prior to the incident for which defendant was on trial. Defendant contends that this evidence was admissible under G.S. § 8C-1, Rule 412(b) (1988), which states: "Not-

STATE v. HOLDEN

[106 N.C. App. 244 (1992)]

withstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior: . . . (2) Is evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant[.]"

Defendant presented the following evidence on *voir dire*. On 10 November 1986, two and a half years before the event at issue, the victim was returned to the defendant's house after staying with her mother as she normally did during the first 10 days of every month. Her grandmother, Minnie Holden, noticed dried blood on her panties. The next morning, Minnie took the victim to Dr. Volk, who examined her and noted swelling and an associated inflammation at the vaginal orifice but no bleeding. The blood, swelling and inflammation were consistent with sexual abuse but could have resulted from some trauma other than sexual abuse. Volk testified that the swelling could have been the result of a trauma occurring within the previous few days. Steven Lewis and Detective Smith testified that an investigation of the incident by the Department of Social Services and the sheriff's department included interviews with several family members but that a perpetrator could not be identified.

Defendant contends that the excluded evidence points to someone other than the defendant as being the perpetrator of the abuse which occurred in June 1989 and thus should have been admitted under Rule 412(b)(2). We disagree.

The issue is whether the excluded testimony is relevant to show that someone other than the defendant sexually abused T.L. on 28 June 1989. We find that the evidence was properly excluded as being irrelevant and confusing to the jury.

Defendant cites us to *State v. Ollis*, 318 N.C. 370, 348 S.E.2d 777 (1986), *State v. Wright*, 98 N.C. App. 658, 392 S.E.2d 125 (1990), and *State v. Maxwell*, 96 N.C. App. 19, 384 S.E.2d 553 (1989), *disc. review denied*, 326 N.C. 53, 389 S.E.2d 83 (1990). These cases do not help defendant. In all of them there is a temporal connection between the dates of the alleged offense and the evidence pointing to another perpetrator. *Ollis*, 318 N.C. 370, 348 S.E.2d 777 (evidence that another man abused victim during same time period as alleged against defendant held admissible to explain physical evidence); *Maxwell*, 96 N.C. App. 19, 384 S.E.2d 553 (evidence of abuse when victim was 4 is relevant because the victim alleged defendant had

been molesting her since age 4); *Wright*, 98 N.C. App. 658, 392 S.E.2d 125 (evidence of masturbation occurring during same time period as alleged offense relevant to explain physical findings).

In the case *sub judice*, the abuse at issue occurred two and a half years before the incident resulting in the charge against defendant. Neither the indictment nor any evidence adduced at trial connects defendant with any incident occurring in 1986, therefore, any evidence that someone else may have abused T.L. in 1986 is irrelevant to show that defendant did not abuse her in 1989. This assignment is overruled.

II.

[2] Defendant next contends that the trial court erred in denying his motion for a new trial. He alleges error in the exclusion of the Rule 412(b)(2) evidence which is the subject of his first argument. Having found that the exclusion of this evidence was not error, we find that the trial court did not err in denying defendant's motion for a new trial.

Defendant also contends that the trial court erred in denying his motion without a hearing as required by G.S. § 15A-1420(c)(1) (1988). Under subsection (c)(3), "[t]he court must determine the motion without a hearing when the motion and supporting and opposing information present only questions of law." G.S. § 15A-1420(c)(3). Here the only question to be decided by the trial court was whether it had properly excluded the Rule 412(b)(2) evidence, a question of law which defendant supported by supplying two cases to the trial judge for consideration. Because only a question of law was involved, a hearing was not required. G.S. § 15A-1420(c)(3). This assignment is overruled.

III.

[3] Defendant next contends that the trial court erred in admitting hearsay statements of the victim pursuant to the residual hearsay exception, G.S. § 8C-1, Rule 803(24) (1988). He contends that the trial court improperly found that the statements possessed "circumstantial guarantees of trustworthiness" so as to satisfy due process requirements and the confrontation clause. We disagree.

On the first day of trial, the State served defendant with notice of its intention to offer statements of the victim by and through the testimony of Detective Smith and Judy Nebrig. The judge held an *in camera* examination of the child attended only

STATE v. HOLDEN

[106 N.C. App. 244 (1992)]

by the judge, the child, the guardian ad litem and the court reporter. After the examination, the trial court placed in the record its conclusion that the victim was unavailable due to fear and trepidation in that she was "entirely incapable of going to the witness stand, taking the oath and relating the events in question." The trial court also found that the victim "did not seem to understand the consequences of not telling the truth."

The trial court then heard Smith, Nebrig and several other witnesses on *voir dire*, following which he held that the victim's hearsay statements to Smith and Nebrig were admissible under Evidence Rule 803(24). In his written order, Judge Owens made findings of fact and conclusions of law as required by *State v. Smith*, 315 N.C. 76, 337 S.E.2d 833 (1985). *See also State v. Deanes*, 323 N.C. 508, 374 S.E.2d 249 (1988), *cert. denied, Deanes v. North Carolina*, 490 U.S. 1101, 104 L.E.2d 1009 (1989). In his written order, Judge Owens made no mention of his previous statement in the record that T.L. "did not seem to understand the consequences of not telling the truth."

With regard to the trustworthiness factor, the trial court made the following findings of fact:

> that the infant assuredly had personal knowledge of how and by whom she was being sexually abused, especially in light of the corroborating medical evidence. That the infant would have been motivated to deal truthfully with Officer Smith and Mrs. Nebrig as persons in authority. That the infant was specific as to the location where the alleged rape and sodomy took place. That the infant never recanted or substantially altered her statement. That, therefore, the totality of the circumstances in this case assure a high probability of the truthfulness of the statements made by the infant to Officer Smith and Mrs. Nebrig. . . . That the infant at all times identified her abuser as "Cricket."

Defendant contends that the trial court erred in finding that the hearsay statements admitted through Detective Smith and Judy Nebrig possess sufficient indicia of reliability for admission under Rule 803(24). He points to the trial court's statement in the record that the victim "does not seem to understand the consequences of not telling the truth." Defendant does not contest the trial court's finding that the child is unavailable.

STATE v. HOLDEN

[106 N.C. App. 244 (1992)]

Before hearsay statements may be admitted as substantive evidence under Rule 803(24), the trial judge must undertake a six part inquiry. *Smith*, 315 N.C. at 92, 337 S.E.2d at 844; *Deanes*, 323 N.C. 508, 374 S.E.2d 249. The trial judge must determine in the affirmative that (A) the proper notice has been given, (B) the hearsay is not specifically covered elsewhere, (C) the statement is trustworthy, (D) the statement is material, (E) the statement is more probative on the issue than any other evidence which the proponent can procure through reasonable efforts, and (F) the interests of justice will be best served by admission. *Smith*, 315 N.C. at 92-96, 337 S.E.2d at 844-47.

We need discuss only the trustworthiness factor.

Although a hearsay statement is not specifically covered by any of the 23 "pigeonhole" exceptions, it may be admissible under the residual exception if it possesses "circumstantial guarantees of trustworthiness" equivalent to those required for admission under the enumerated exceptions. This threshold determination has been called "the most significant requirement" of admissibility under Rule 803(24). Courts and commentators have struggled with the meaning of this requirement, and certain factors are acquiring recognition as significant in guiding the trial judge's determination of the proffered statement's trustworthiness. Among these factors are (1) assurance of personal knowledge of the declarant of the underlying event; (2) the declarant's motivation to speak the truth or otherwise; (3) whether the declarant ever recanted the testimony; and (4) the practical availability of the declarant at trial for meaningful cross-examination[.] (Citations omitted.)

*Smith*, 315 N.C. at 93-94, 337 S.E.2d at 844-45. As explained in *Deanes*, the first two factors, the assurance of personal knowledge and the declarant's motivation to speak the truth, bear upon the declarant at the time the hearsay statements are made. The second two factors, whether the declarant ever recanted the statement(s) and whether the declarant is available for cross-examination, go to the truthfulness of the statement, even though viewed in retrospect. *Deanes*, 323 N.C. at 516-17, 374 S.E.2d at 255-56.

None of these factors, alone or in combination, may conclusively establish or discount the statement's "circumstantial guarantees of trustworthiness." The trial judge should focus upon the factors that bear on the declarant at the time of

STATE v. HOLDEN

[106 N.C. App. 244 (1992)]

making the out-of-court statement and should keep in mind that the peculiar factual context within which the statement was made will determine its trustworthiness.

*Smith*, 315 N.C. at 94, 337 S.E.2d at 845. Thus, the emphasis in the analysis of the trustworthiness factor is on the circumstances surrounding the declarant at the time the statements were made, not the competency of the declarant at the time of trial. *But see State v. Stutts*, 105 N.C. App. 557, 414 S.E.2d 61 (1992).

Speaking of the standard of review on appeal, our Supreme Court has stated:

The trial court is required to make both findings of fact and conclusions of law on the issues of trustworthiness and pro-bativeness, because they embody the two-prong constitutional test for the admission of hearsay under the confrontation clause, i.e., necessity and trustworthiness. On the other four issues, the trial court must make conclusions of law and give its analysis. We will find reversible error only if the findings are not supported by competent evidence, or if the law was erroneously applied. (Citations omitted.)

*Deanes*, 323 N.C. at 515, 374 S.E.2d at 255.

We find no error in the admission of the victim's hearsay statements. The trial judge's findings of fact on the trustworthiness factor are supported by competent evidence. The trial judge's lone statement, found in the transcript of the *in camera* hearing, that the child "did not seem to understand the consequences of not telling the truth," standing alone and not made the basis for his finding that she was unavailable, is insufficient to overcome the other competent evidence which supports the admission of the hearsay statements under Rule 803(24). As explained in *Smith* and *Deanes*, the determination as to whether the hearsay statements are trustworthy must focus on the circumstantial guarantees of reliability which surround the declarant at the time the statement was made and not on the witness' competence at the time of the hearing.

We distinguish this case from *Stutts*, 105 N.C. App. 557, 414 S.E.2d 61. In *Stutts*, the trial court found that the child-witness was unavailable to testify because she could not understand the difference between truth and falsehood and because of her inability to understand what is reality and what is imagination. The trial

STATE v. HOLDEN

[106 N.C. App. 244 (1992)]

court nevertheless found that her prior hearsay statements were admissible under Evidence Rule 804(b)(5). G.S. § 8C-1, Rule 804(b)(5) (1988). This Court found error, noting that the fourth "trustworthiness" factor, common to both Rule 803(24) and Rule 804(b)(5), has been reworded to clarify its purpose in Rule 804(b)(5). *Smith*, 315 N.C. 76, 337 S.E.2d 833, (Rule 803(24) ); *State v. Triplett*, 316 N.C. 1, 340 S.E.2d 736 (1986), (Rule 804(b)(5) ); *State v. Nichols*, 321 N.C. 616, 365 S.E.2d 561 (1988). As applied to Rule 804(b)(5), the fourth factor now should be read as "the reason, within the meaning of Rule 804(a), for the declarant's unavailability." *Nichols*, 321 N.C. at 624, 365 S.E.2d at 566. *Accord State v. Garner*, 330 N.C. 273, 285, 410 S.E.2d 861, 867 (1991). The *Stutts* Court applied the fourth factor as reworded in *Nichols*, and held that finding a four year old witness unavailable because she could not tell truth from fantasy precluded her prior hearsay statements from possessing sufficient guarantees of trustworthiness to be admissible under Rule 804(b)(5).

*Stutts* does not require that we find error in the case before us. In the case *sub judice*, the trial court found the victim's hearsay statements admissible under Rule 803(24), not Rule 804(b)(5). The witness was found to be unavailable because of "fear and trepidation" and not because she could not distinguish truth from fantasy. The trial judge's statement in the *voir dire* transcript that the witness did not understand the consequences of not telling the truth, alone, is not sufficient to overcome the circumstantial indicia of reliability properly found by the trial judge in his order.

We also note that T.L.'s hearsay statements naming "Cricket" as her abuser were admitted without objection in the testimony of her mother and Dr. Wells. Thus, even assuming that their admission under Rule 803(24) was error, it was harmless error. *State v. Hunt*, 325 N.C. 187, 196, 381 S.E.2d 453, 459 (1989) (benefit of objection lost when same or similar evidence has been admitted or is later admitted without objection); *State v. Moses*, 316 N.C. 356, 362, 341 S.E.2d 551, 555 (1986) (benefit of defendant's objection to introduction of letter lost when defendant later read from letter); *State v. Hyder*, 100 N.C. App. 270, 396 S.E.2d 86 (1990) (no prejudice in admission of evidence already entered without objection in previous testimony).

No error.

Chief Judge HEDRICK concurs.

Judge WELLS concurring in the result.

Judge WELLS concurring in the result.

On the issue of trustworthiness, I find it difficult to distinguish this case from *State v. Stutts*, 105 N.C. App. 557, 414 S.E.2d 61 (1992). Because the defendant did not object to the testimony of the victim's mother and Dr. Wells, I concur in the result.