STATE OF NORTH CAROLINA v. CHARLIE W. HICKS

No. COA96-92

(Filed 7 January 1997)

**Indictment, Information, and Criminal Pleadings § 36 (NCI4th)—amendment—not prejudicial—not substantial— habitual felon—defendant's age—no error**

   The trial court did not err in allowing the State to amend its habitual felon indictment to correctly specify that one of the defendant's felonies was committed prior to his eighteenth birthday. It is permissible to amend an indictment so long as the amendment does not substantially alter the charge set forth in the indictment. N.C.G.S. § 15A-923

   **Am Jur 2d, Indictments and Informations §§ 166 et seq.**

   **Comment Note.—Power of court to make or permit amendment of indictment. 17 ALR3d 1181.**

Appeal by defendant from judgment entered 6 November 1995 by Judge Zoro J. Guice, Jr. in Gaston County Superior Court. Heard in the Court of Appeals 22 October 1996.

*Attorney General Michael F. Easley, by Assistant Attorney General David R. Minges, for the State.*

*Assistant Public Defender John H. Russell, Jr. for defendant-appellee.*

WALKER, Judge.

On 16 February 1994, while serving sentences for felony convictions, defendant escaped from the Dallas Prison Unit. On 7 August 1995, defendant was indicted on felony escape and habitual felon charges. The felony escape indictment stated that defendant's felony conviction was imposed on 23 January 1986 in Gaston County.

At trial, the State introduced three convictions in support of the habitual felon allegation: (1) a breaking and entering conviction from Gaston County on 23 January 1986, (2) an assault with a deadly weapon on a law enforcement officer, and (3) a felony larceny conviction. On 6 November 1995, defendant was convicted and pursuant to a plea agreement, he then pled guilty to felony escape.

Defendant contends that the trial court erred in allowing the State to use the 1986 breaking and entering felony in both the felony escape indictment and as one of the three felonies used to sustain the charge of habitual felon. Defendant relies on N.C. Gen. Stat. § 15A-1340.4 (a)(1) to support his contention. This statute prohibited the use of a felony conviction to show an aggravating factor at sentencing when that same felony conviction had previously been used to prove an element of the offense. Defendant argues that the same prohibition should apply here and that the State should not be allowed to use the same underlying felony to prove felony escape and to establish the defendant as an habitual felon. We need not address this precise issue as we cannot conclude from the record that the same felony was used to prove both charges.

The record does reveal that on 23 January 1986, defendant was convicted of two felonies—breaking and entering and common law robbery. The felony escape indictment does not identify the felony for which the defendant was serving a sentence. The record also does not reveal any objection by the defendant to the breaking and entering conviction being used for the habitual felon charge or any objection by the defendant at the sentencing hearing to require the State to elect which felony it intended to use. Thus, we cannot conclude that the breaking and entering felony was used twice.

The habitual felon indictment originally alleged that all of the previous felony convictions were committed after the defendant reached the age of eighteen. Defendant contends that the State should not have been permitted to amend the indictment to allege that all but one of the previous felony convictions were committed after the defendant reached the age of eighteen.

Our Supreme Court discussed the issue of when an amendment to an indictment would be allowed in *State v. Snyder*, 343 N.C. 61, 468 S.E.2d 221 (1996). The Court initially noted that N.C. Gen. Stat. § 15A-923 (e) (1988) provides that a bill of indictment may not be amended and that the term "amendment" . . . means any change in the indictment which would substantially alter the charge set forth in the indictment. *Id.* at 65, 468 S.E.2d at 224 (*citing State v. Price*, 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984)). Further, in *Snyder*, the Court stated that:

> an indictment . . . is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense. The indictment must also enable the court to know what judgment to pronounce in the event of conviction.

*Id.* at 65-66, 468 S.E.2d at 224 (*quoting State v. Coker*, 312 N.C. 432, 434-35, 323 S.E.2d 343, 346 (1984)).

In the case at hand, the amendment to the indictment against defendant did not substantially alter the charge of habitual felon. The three underlying felonies required to constitute the offense of habitual felon remained the same. The only change was to specify correctly that one of the felonies was committed prior to the defendant's eighteenth birthday. Defendant failed to show that he was prejudiced by the trial court allowing the State to amend the habitual felon indictment.

No error.

Judges LEWIS and MARTIN, Mark D. concur.