STATE v. WINSLOW

[169 N.C. App. 137 (2005)]

———————————

STATE OF NORTH CAROLINA v. ROBERT GREGORY WINSLOW

No. COA04-647

(Filed 15 March 2005)

**1. Motor Vehicles— habitual DWI—indictment—date of prior conviction—amendment—Rule of Lenity**

The indictment used to charge defendant with habitual DWI was not fatally defective even though it originally alleged that one of defendant's prior DWI convictions occurred on 1 April 1993, which was actually the date of the offense and eight days outside the seven-year limitation of the habitual DWI statute, N.C.G.S. § 20-138.5(a), where the trial court allowed the prosecu-

tor's motion to amend the indictment to reflect the date of conviction on 11 August 1993. The Rule of Lenity did not require that the date of the offense rather than the date of conviction be used in the interpretation of the DWI statute because the statute clearly refers to prior convictions, and there is no ambiguity in the statute.

2. **Indictment and Information— amendment—habitual driving while impaired—no substantial alteration** .

The trial court did not err in a habitual driving while impaired case by allowing the State to amend the indictment after the State rested, because: (1) permitting the State to amend the indictment in the instant case to reflect the date of conviction rather than the date of the offense did not impair defendant's ability to defend the charge of habitual DWI; (2) time was not of the essence as the indictment specified defendant was being charged with habitual DWI; (3) defendant never denied having been convicted of the 1993 DWI, he had notice of the 1993 DWI, and he had ample time to prepare for trial; and (4) the amendment to the indictment did not substantially alter the charge set forth in the indictment.

Judge HUNTER concurring in part and dissenting in part.

Appeal by defendant from judgment entered 6 November 2001 by Judge J. Richard Parker in Gates County Superior Court. Heard in the Court of Appeals 13 January 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Patricia A. Duffy, for the State.*

*Richard E. Jester for defendant-appellant.*

BRYANT, Judge.

Robert Gregory Winslow (defendant) appeals from a jury verdict entered 6 November 2001 finding him guilty of driving while impaired (DWI). Defendant was sentenced as a Prior Record Level IV to a minimum of 25 months and a maximum of 30 months for habitual driving while impaired (habitual DWI). Defendant failed to give timely notice of appeal. On 27 October 2003, defendant's Petition for Writ of Certiorari was granted pursuant to N.C. R. App. P. 21.

On 9 April 2000 defendant was arrested and charged with DWI. Defendant was also charged with habitual DWI in violation of

N.C. Gen. Stat. § 20-138.5 based on prior DWI convictions dated as follows: 1 April 1993 in Perquimans County; 22 November 1998 in Gates County; and 2 October 1999 in Suffolk County, Virginia. Defendant pled not guilty and a jury trial followed on 5 November 2001. After the State had rested its case, counsel for defendant moved to dismiss the indictment. The trial court allowed the State to amend the indictment as to defendant's 1993 DWI to allege the conviction date of 11 August 1993 versus the occurrence date of 1 April 1993, over defendant's objection. The jury returned a guilty verdict of DWI. Defendant admitted his status of habitual DWI and the trial court entered judgment, sentencing him to 25 to 30 months imprisonment. Defendant appeals.

---

On appeal, defendant raises two issues: (I) whether the indictment is fatally defective, and (II) whether the trial court erred in allowing the State to amend the indictment after the State rested.

(I)

[1] Defendant argues his felony conviction for habitual DWI should be vacated on the ground that the indictment charging him with habitual DWI was fatally defective. Specifically, defendant contends one of the three offenses enumerated in the indictment was outside the seven-year period, as provided in N.C. Gen. Stat. § 20-138.5(a) (2003):

> A person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in G.S. 20-4.01 (24a) within seven years of the date of this offense.

Jurisdiction to try an accused for a felony depends upon a valid bill of indictment. *State v. McBane*, 276 N.C. 60, 65, 170 S.E.2d 913, 916 (1969). A valid bill of indictment must allege all essential elements of a statutory offense. *State v. Crabtree*, 286 N.C. 541, 544, 212 S.E.2d 103, 105 (1975). Pursuant to N.C. Gen. Stat. § 15A-928(c) (2003), a defendant may admit a previous conviction and thereby establish an element of an offense. *State v. Smith*, 291 N.C. 438, 441-42, 230 S.E.2d 644, 646 (1976). An indictment is fatally defective if it "wholly fails to charge some offense . . . or fails to state some essential and necessary element of the offense of which the defendant is found guilty." *State v. Wilson*, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (1998); *State v. Crawford*, 167 N.C. App. 777, 779, 606 S.E.2d 375, 377 (2005) (citations omitted).

In this case, the indictment for habitual DWI alleged that defendant was convicted of DWI on 1 April 1993. Defendant was charged with the current DWI offense on 9 April 2000. Defendant argues the 1 April 1993 offense was eight days outside of the seven year limitation. When defendant brought his motion to dismiss based on a defective indictment, the prosecutor explained to the trial court a typographical error existed, since the certified copy of the court records and the Department of Motor Vehicles report indicated defendant was actually convicted of the DWI offense on 11 August 1993, within the seven-year period required by statute. The prosecutor moved to amend the indictment to reflect the date of conviction rather than the date of the offense, which motion the trial court granted. The trial court denied defendant's motion to dismiss based on the indictment and based on insufficient evidence. Defendant thereafter admitted to the prior convictions as alleged in the amended indictment.

Defendant argues the Rule of Lenity[1] should be applied to require that this Court use the date of the *offense*, rather than the date of *conviction* in interpreting N.C.G.S. § 20-138.5, and therefore omit the 1993 DWI from the indictment; however, N.C.G.S. § 20-138.5 clearly refers to prior *convictions*. Therefore, because there is no ambiguity in the statute, we decline to apply the Rule of Lenity.

In this case, the indictment alleged the essential elements of the offense of habitual driving while impaired, since it alleged defendant had been previously convicted of three DWI offenses. Further, no fatal variance is shown between the indictment and proof at trial since defendant admitted the prior convictions, based on the amended indictment. *State v. Baldwin*, 117 N.C. App. 713, 716, 453 S.E.2d 193, 194 (1995) (holding defendant stipulated to convictions alleged in indictment; indictment was sufficient to support charge of violating N.C. Gen. Stat. § 20-138.5(a); and indictment served as proper notice to defendant). Defendant has failed to show that he is entitled to the relief sought. This assignment of error is overruled.

(II)

[2] Defendant next argues the trial court erred in allowing the State to amend the indictment after the close of the State's evidence.

---

1. The Rule of Lenity is defined as "a court, in construing an ambiguous criminal statute that sets out multiple or inconsistent punishments, should resolve the ambiguity in favor of the more lenient punishment." Black's Law Dictionary, 1332-33 (7th ed. 1999).

As previously noted, N.C. Gen. Stat. § 15A-923 (e) provides that a bill of indictment may not be amended. N.C. Gen. Stat. § 15A-923 (e) (2003). "An 'amendment' is 'any change in the indictment which would substantially alter the charge set forth in the indictment.' " *State v. Price*, 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984); *State v. Lewis*, 162 N.C. App. 277, 285, 590 S.E.2d 318, 324 (2004). In addition, this Court has held, "[a] bill of indictment is legally sufficient if it charges the substance of the offense and puts the defendant on notice that he will be called upon to defend against proof of the manner and means by which the crime was perpetrated." *State v. Rankin*, 55 N.C. App. 478, 480, 286 S.E.2d 119, 120 (1982); *State v. Ingram*, 160 N.C. App. 224, 225, 585 S.E.2d 253, 255 (2003). "The elements need only be alleged to the extent that the indictment (1) identifies the offense; (2) protects against double jeopardy; (3) enables the defendant to prepare for trial; and (4) supports a judgment on conviction." *State v. Holliman*, 155 N.C. App. 120, 126, 573 S.E.2d 682, 687 (2002) (quotations omitted).

Our Supreme Court has recognized a judgment should not be reversed when the indictment lists an incorrect date or time " 'if time was not of the essence' " of the offense, and " 'the error or omission did not mislead the defendant to his prejudice.' " *State v. Everett*, 328 N.C. 72, 75, 399 S.E.2d 305, 306 (1991) (quoting N.C.G.S. § 15A-924(a)(4)). Also, N.C. Gen. Stat. § 15-155 indicates judgment will not be reversed where time is not of the essence:

> No judgment upon any indictment for felony or misdemeanor, whether after verdict, or by confession, or otherwise, shall be stayed or reversed for the want of the averment of any matter unnecessary to be proved, . . . nor for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened . . . when the court shall appear by the indictment to have had jurisdiction of the offense.

N.C. Gen. Stat. § 15-155 (2003). "A variance as to time . . . becomes material and of the essence when it deprives a defendant of an opportunity to adequately present his defense." *State v. Price*, 310 N.C. 596, 599, 313 S.E.2d 556, 559 (1984).

Permitting the State to amend the indictment in the instant case to reflect the date of conviction rather than the date of the offense did not impair defendant's ability to defend the charge of habitual DWI.

Here, time was not of the essence as the indictment clearly specified defendant was being charged with habitual DWI. Defendant never denied having been convicted of the 1993 DWI. He had notice of the 1993 DWI and had ample time to prepare for trial. In fact, in response to whether defendant would admit to his prior convictions, defense counsel stated to the trial court, "the defendant after thoughtful inquiry and thoughtful consideration . . . admit[s] the prior convictions." The amendment to the indictment did not substantially alter the charge set forth in the indictment. *See Lewis*, 162 N.C. App. at 285, 590 S.E.2d at 324 (although habitual felon indictment incorrectly stated the date and county of defendant's conviction, it sufficiently notified defendant of the particular conviction that was being used to support his status as habitual felon and defendant did not argue he lacked notice at trial). This assignment of error is overruled.

No error.

Judge JACKSON concurs.

Judge HUNTER concurs in part, dissents in part.

HUNTER, Judge, concurring in part, dissenting in part.

I concur that the habitual impaired driving statute clearly refers to prior convictions. However, I respectfully dissent from the majority opinion in that I believe the trial court erroneously allowed an amendment to the habitual impaired driving indictment.

It is well established that "a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony." The purpose of an indictment is to give a defendant notice of the crime for which he is being charged. Our General Statutes state that "a bill of indictment may not be amended." N.C. Gen. Stat. § 15A-923(e) (2001), which has been interpreted by our Supreme Court to mean that "an indictment may not be amended in a way which 'would substantially alter the charge set forth in the indictment.' "

*State v. Cathey*, 162 N.C. App. 350, 352, 590 S.E.2d 408, 410 (2004) (citations omitted). "Thus, a 'non-essential variance is not fatal to the charged offense,' and any 'averment unnecessary to charge the offense . . . may be disregarded as inconsequential surplusage.' " *State v. Brady*, 147 N.C. App. 755, 758, 557 S.E.2d 148, 151 (2001) (citation omitted).

In this case, defendant was indicted for a violation of N.C. Gen. Stat. § 20-138.5(a) (2003), habitual impaired driving, which states: "A person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in G.S. 20-4.01(24a) within seven years of the date of this offense." *Id.* The conviction of three or more offenses involving impaired driving within seven years of the present offense are necessary elements for the charge of habitual impaired driving. *See id.*; *State v. Vardiman*, 146 N.C. App. 381, 384, 552 S.E.2d 697, 700 (2001) (indicating habitual impaired driving is a substantive offense with the conviction of three or more offenses within seven years of the present offense as necessary elements). Therefore the date of the conviction is necessary to charge the offense and not mere surplusage. *See Brady*, 147 N.C. App. at 758, 557 S.E.2d at 151. In this case, the present offense occurred on 9 April 2000. The State acknowledged in its brief that the original indictment erroneously reflected the date of the 1993 driving while impaired offense, 1 April 1993, rather than the date of the 1993 conviction, 11 August 1993. By including the offense date in the indictment, which was eight days outside of the seven year time period for habitual impaired driving, the State did not properly indict defendant for habitual impaired driving. Accordingly, the indictment amendment allowed at trial was a substantial alteration of the charge and was not allowed under N.C. Gen. Stat. § 15A-923(e).

Moreover, the indictment amendment was a substantial alteration of the charge because it elevated defendant's offense to a felony from a misdemeanor. To be convicted of habitual impaired driving, the State must first prove the defendant violated N.C. Gen. Stat. § 20-138.1, impaired driving, a misdemeanor. If the State meets its burden of proof regarding whether the defendant violated N.C. Gen. Stat. § 20-138.1, the State must then prove the defendant had three prior convictions involving impaired driving within seven years of the present offense. *See* N.C. Gen. Stat. § 15A-928(c). If the State so proves, or if the defendant stipulates to the prior convictions, the defendant is punished as a Class F felon and is sentenced to not less than twelve months active imprisonment. *See* N.C. Gen. Stat. § 20-138.5.

In this case, the State did not allege three prior convictions within seven years in the original habitual impaired driving indictment.[2]

2. We note that the State was not precluded from filing a superseding indictment prior to trial which properly alleged three prior convictions within the seven year time period.

N.C. STATE BAR v. McLAURIN

[169 N.C. App. 144 (2005)]

Thus, under the original indictment, defendant could not be convicted of habitual impaired driving and would only be sentenced for the misdemeanor impaired driving charge. By amending the indictment at trial to include a conviction date within the seven year time period, defendant's charge was enhanced to a felony. An indictment amendment which elevates a misdemeanor charge to a felony is a substantial alteration and is not permitted under N.C. Gen. Stat. § 15A-923(e). *See State v. Moses*, 154 N.C. App. 332, 338, 572 S.E.2d 223, 228 (2002) (stating the addition of an aggravating factor which elevates a charge to a felony from a misdemeanor is a substantial alteration of an indictment). Accordingly, I would vacate judgment on the habitual impaired driving indictment and remand for resentencing on the misdemeanor charge of impaired driving.

