STATE OF NORTH CAROLINA v. JOHNNY DWAYNE HILL

No. COA06-1218

(Filed 7 August 2007)

**1. Appeal and Error— preservation of issues—failure to argue**

Although defendant appealed the judgment entered in 05 CRS 51915 in a first-degree sexual offense case, he failed to argue that assignment of error in his brief and it is therefore deemed abandoned under N.C. R. App. P. 28(b)(6).

**2. Sexual Offenses— first-degree sexual offenses—indictments—amendment—substantial alteration**

The trial court erred in a first-degree sexual offense case by refusing to dismiss the indictments in 05 CRS 51918, 05 CRS 51919, 05 CRS 51921, 05 CRS 51922, and 05 CRS 51923, and by allowing the State to amend the indictments, because: (1) first-degree statutory sexual offense is set forth in N.C.G.S. § 14-27.4 and not in N.C.G.S. § 14-27.7A; (2) the indictments' heading accused defendant of violating N.C.G.S. § 14-27.7A, one of the elements set forth in N.C.G.S. § 14-27.7A is that the victim's age is 13, 14, or 15 years old, and the body of the indictment alleges defendant engaged in a sex offense with a minor child under the age of 13 years old; (3) the indictment was a confusing instrument purporting to charge two similar but distinct crimes and effectively charged neither; (4) defendant did not have sufficient notice to enable him to prepare a defense against such an indictment; and (5) a bill of indictment may not be amended in a manner which substantially alters the charge set forth, and the trial court's decision to allow the State to correct the indictments did not cure a mere clerical defect but fundamentally changed the nature of the charge against defendant. Although these five judgments are vacated, the consolidated judgment entered upon the indictments in 05 CRS 51915, 05 CRS 51917, and 05 CRS 51920 remain undisturbed. N.C.G.S. § 15A-23(e).

Judge WYNN concurring in a separate opinion.

Judge TYSON concurring in part and dissenting in part.

Appeal by defendant from judgments entered 13 April 2006 by Judge W. Erwin Spainhour in Davidson County Superior Court. Heard in the Court of Appeals 24 April 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Anita LeVeaux, for the State.*

*Glover & Petersen, P.A., by James R. Glover, for defendant-appellant.*

CALABRIA, Judge.

Johnny Dwayne Hill ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of first-degree sexual offense. Because we determine that five of the six indictments were fatally defective, we vacate the judgments entered upon those indictments.

At trial, the State presented evidence that defendant frequently visited with his parents in the summer of 1999. Deborah H. ("Deborah") lived in a trailer next to defendant's parents with her two sons, B.S. ("B.S.") and D.S. ("D.S."), ages 15 and 11, respectively. Deborah, a single mother, worked long hours as a waitress and often left the boys home alone.

One day, defendant befriended the boys after helping B.S. change the tire on his mother's car. Defendant, who did remodeling work, suggested to Deborah that he could watch the boys during the day, and she agreed. Defendant took the boys out to eat, rented movies with them, and occasionally stayed overnight, sleeping with the boys on a mattress on the floor. The boys testified that during this time, defendant abused them sexually in a number of ways.

B.S. testified that in August of 1999, when defendant was staying overnight with the boys, defendant pulled down B.S.'s pants and fondled him, and performed fellatio on B.S. until B.S. ejaculated. On another occasion defendant put B.S.'s penis in his mouth. B.S. further testified defendant asked him to perform anal sex on him and he complied.

D.S. corroborated his brother's testimony and stated that defendant had sexually abused him as well. D.S. testified that between

STATE v. HILL

[185 N.C. App. 216 (2007)]

August and November of 1999 he and defendant engaged in a sexual relationship. D.S. stated that defendant took him on a trip to Texas and dyed D.S.'s hair black to alter his looks.

When D.S. was 15 or 16, he started dating S.S. ("S.S.") and confided in her that he had sexual relations with defendant during the summer and fall of 1999. The two discussed reporting the abuse to police, but D.S. said he could not go through with it. During Christmas of 2004, D.S. and S.S. were watching a video of D.S.'s twelfth birthday party and in the video D.S.'s hair was dyed black. D.S. and S.S. began crying. Deborah asked D.S. if something had happened to him, and he told his mother that defendant had sexually abused him. Deborah later asked B.S. the same question and he admitted that he too had been abused by defendant. Deborah then contacted law enforcement officials, and defendant was arrested for sexually abusing the boys.

The Davidson County grand jury returned eight indictments charging defendant with eleven offenses. Two of the indictments related to B.S., and the other indictments concerned D.S. Prior to trial, the State dismissed one of the sex offense charges involving D.S. Defendant moved to dismiss six charges of committing first-degree statutory sex offense, claiming the indictments were fatally defective. The trial court denied defendant's motion and, over defendant's objection, allowed the State to alter the indictments to allege the crime of first-degree sexual offense.

On 13 April 2006, the jury returned verdicts finding defendant guilty of all charges. Judge W. Erwin Spainhour then entered judgments upon those verdicts, sentencing defendant to a minimum of 154 years and a maximum of 324 years in the North Carolina Department of Correction. From six judgments entered upon jury verdicts finding him guilty of first-degree sexual offense, defendant appeals.

[1] On appeal, defendant argues that six of the indictments against him were fatally defective. Although defendant appealed the judgment entered in 05 CRS 51915, he fails to argue that assignment of error in his brief, and it is therefore deemed abandoned. N.C. R. App. P. 28(b)(6) (2006) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

[2] Having abandoned his assignment of error with respect to the judgment in 05 CRS 51915, defendant specifically appeals from judg-

ments entered upon indictments in 05 CRS 51918, 05 CRS 51919, 05 CRS 51921, 05 CRS 51922, and 05 CRS 51923. He argues that the trial court erred by refusing to dismiss those indictments and by allowing the State to amend the indictments. We agree.

> Our Supreme Court has stated that jurisdiction to try an accused for a felony depends upon a valid bill of indictment guaranteed by Article I, Section 22 of the North Carolina Constitution. Our Legislature has required that an indictment or other criminal pleading must contain:

> A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

*State v. Miller*, 159 N.C. App. 608, 611, 583 S.E.2d 620, 622 (2003) (citations and quotation marks omitted), aff'd *per curiam*, 358 N.C. 133, 591 S.E.2d 520 (2004).

"[T]he purposes of an indictment include giving a defendant notice of the charge against him so that he may prepare his defense and be in a position to plead prior jeopardy if he is again brought to trial for the same offense." *State v. Freeman*, 314 N.C. 432, 435, 333 S.E.2d 743, 745 (1985).

The five indictments at issue here all state the charge made by the grand jury in the following language:

OFFENSE: FIRST DEGREE STATUTORY SEXUAL OFFENSE

OFFENSE IN VIOLATION OF: g.s. 14-27.7A

> THE JURORS FOR THE STATE upon their oath present that . . . the defendant named above unlawfully, willfully and feloniously did engage in a sex offense with [D.S.], a child under the age of 13 years.

First-degree statutory sexual offense is set forth in N.C. Gen. Stat. § 14-27.4 (2005), not in N.C. Gen. Stat. § 14-27.7A. North Carolina General Statute § 14-27.7A(a) states as follows:

> A defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older

than the person, except when the defendant is lawfully married to the person.

*Id.*

It is clear that one of the elements of the crime set forth in N.C. Gen. Stat. § 14-27.7A is that the victim's age is 13, 14, or 15 years old. While the indictments' heading accused defendant of violating N.C. Gen. Stat. § 14-27.7A, the body of the indictment alleges defendant "engage[d] in a sex offense with [D.S.], a child *under* the age of 13 years."

First-degree statutory sexual offense, set forth in N.C. Gen. Stat. § 14-27.4 (2005) is stated as such:

(a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:

(1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim[.]

*Id.*

If defendant had been properly indicted under this section, he could have been tried and convicted of that offense. However, such was not the case here. Instead, the indictment was a confusing instrument purporting to charge two similar but distinct crimes and effectively charging neither. A defendant facing such an indictment would be forced to guess as to what statutory charge he was facing, and would be prejudiced by such confusion because the two crimes have different and mutually exclusive elements. As such, defendant did not have proper notice sufficient to enable him to prepare a defense against such an indictment.

Here, the State sought to eliminate the confusion by petitioning the court at the close of evidence to amend the indictments to accuse defendant of violating N.C. Gen. Stat. § 14-27.4, the correct statute for the crime of first-degree statutory sexual offense. Over defendant's objection, the trial court allowed the State to correct the indictments.

North Carolina General Statute § 15A-923(e) (2005) states that "[a] bill of indictment may not be amended." *Id.* However, our courts have interpreted "amend" to mean "substantially alter." *State v. Parker*, 146 N.C. App. 715, 718, 555 S.E.2d 609, 611 (2001). "[A] bill of indictment may not be amended in a manner which substantially

alters the charge set forth." *State v. Haywood*, 144 N.C. App. 223, 228, 550 S.E.2d 38, 42 (2001).

As the concurring opinion correctly notes, the facts of this case are virtually identical to those in *State v. Miller*, 159 N.C. App. 608, 583 S.E.2d 620 (2003). In *Miller*, the defendant was convicted of two counts of first-degree sexual offense in violation of N.C. Gen. Stat. § 14-27.4. However, the indictments alleged that defendant had committed the crime of statutory sexual offense in violation of N.C. Gen. Stat. § 14-27.7A. As in the instant case, the indictments in *Miller* presented a confusing mix of the two similar but distinct crimes.

> In the instant case, a careful reading of the indictments upon which defendant's first-degree sexual offense convictions were obtained reveals that not only do they erroneously cite a different statute than the one under which defendant was tried, convicted, and sentenced, the indictments also allege violation of a combination of the elements of the two separate and distinct offenses set forth in N.C. Gen. Stat. § 14-27.4(a)(1) and N.C. Gen. Stat. § 14-27.7A(a), without alleging each element of either offense.

*Id.* at 612, 583 S.E.2d at 622-23.

As in *Miller*, the five indictments at issue here allege parts of both offenses but fail to state the correct elements of either one. Despite the dissent's assertion to the contrary, the instant case cannot be factually distinguished from *Miller*, which in turn controls the result here. Thus, the trial court's decision to allow the State to correct the indictments did not cure a mere clerical defect, but fundamentally changed the nature of the charge against defendant. As such, we determine the amendment allowed by the trial court amounted to a substantial alteration of the original charge. The dissent notes that the indictments in *Miller* were never amended. However, this distinction is immaterial since we have determined that the alterations allowed by the trial court in this case amounted to a substantial alteration of the original indictments, and as such, the amendments violated N.C. Gen. Stat. § 15A-923(e). We accordingly vacate the judgments entered upon the five defective indictments. In doing so, we leave undisturbed the consolidated judgment entered upon the indictments in 05 CRS 51915, 05 CRS 51917, and 05 CRS 51920, in which the trial court sentenced defendant to a minimum of 269 months and a maximum of 332 months imprisonment in the North Carolina Department of Correction.

**STATE v. HILL**

[185 N.C. App. 216 (2007)]

Vacated.

Judge WYNN concurs with a separate opinion.

Judge TYSON concurs in part and dissents in part with a separate opinion.

WYNN, Judge, concurring.

I concur with the majority, writing only to note that the facts of this case are almost identical to those in *State v. Miller*, 159 N.C. App. 608, 583 S.E.2d 620 (2003), *aff'd per curiam*, 358 N.C. 133, 591 S.E.2d 520 (2004), in which we held the indictments were fatally flawed because they named the wrong statute. *See State v. Jones*, 358 N.C. 473, 487, 598 S.E.2d 125, 133-34 (2004) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." (internal quotation and citation omitted)).

By the very terms of the indictments here, as in *Miller*, even if facts were included sufficient to support each element of the actual crimes Defendant was accused of committing, the indictments could not also then contain facts supporting each element of the crimes contained in the wrongly cited statute.

The dissent cites to a number of inapposite cases that involved immaterial mistakes in indictments, such as what goods were actually stolen, *see State v. Parker*, 146 N.C. App. 715, 719, 555 S.E.2d 609, 612 (2001); the type of weapon used in the crime, *see State v. Joyce*, 104 N.C. App. 558, 573, 410 S.E.2d 516, 525 (1991), *cert. denied*, 331 N.C. 120, 414 S.E.2d 764 (1992); or the name of the county in which the crime was allegedly committed, *see State v. Hyder*, 100 N.C. App. 270, 273, 396 S.E.2d 86, 88 (1990). Indeed, in each of those cases, this Court noted that a substantial alteration was one which would alter the proof needed for each element of the charge. *Parker*, 146 N.C. App. at 719, 555 S.E.2d at 612; *Joyce*, 104 N.C. App. at 573, 410 S.E.2d at 525; *Hyder*, 100 N.C. App. at 273, 396 S.E.2d at 88.

In the instant case, as in *Miller*, the statute cited in the indictment goes to the very heart of the charges and allegations against Defendant, and such an alteration of the indictment is clearly "substantial." *See Parker*, 146 N.C. App. at 718, 555 S.E.2d at 611; N.C. Gen. Stat. § 15A-923(e) (2005). Changing the amendment to refer to a

different statute, with different elements of the crime charged, unquestionably alters the proof needed for each element. Accordingly, I concur with the majority's holding that it was error to allow the State to amend the indictments and therefore to vacate the judgments entered on the five defective indictments.

TYSON, Judge concurring in part, dissenting in part.

I concur in that portion of the majority's opinion deeming defendant to have abandoned his assignment of error regarding 05 CRS 51915 and that there is no error in the verdicts or the consolidated judgments entered thereon. The majority's opinion also holds the correction to the indictments allowed by the trial court "was a substantial alteration of the original charge" in violation of N.C. Gen. Stat. § 15A-923(e) and vacates the judgments and sentences of five counts of First Degree Sexual Offense entered upon five indictments and jury verdicts. I find no prejudicial error in the trial court's discretionary decision to allow the State's motion to correct the indictments. I respectfully dissent.

## I.  Issue

Defendant presents one issue on appeal: whether the trial court committed reversible error by denying his motion to dismiss five indictments charging him with committing a first-degree sexual offense and allowing the State to amend those indictments after the close of the State's evidence.

### A.  Standard of Review

When ruling on a motion to dismiss, the trial court must decide whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied. Evidence is viewed in the light most favorable to the State, giving the State the benefit of all reasonable inferences.

*State v. King*, 178 N.C. App. 122, 130-31, 630 S.E.2d 719, 724 (2006) (internal citations and quotations omitted).

Under N.C. Gen. Stat. § 15A-923(e) (2005), "a bill of indictment may not be amended." "[T]he term 'amendment' under N.C.G.S. § 15A-923(e) [means] 'any change in the indictment which would substantially alter the charge set forth in the indictment.' " *State v.*

*Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996) (quoting *State v. Price*, 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984)). The trial court's discretionary allowance of correction of an indictment does not constitute reversible error unless the item amended was an essential element of the offense. *State v. May*, 159 N.C. App. 159, 162, 583 S.E.2d 302, 304 (2003).

## B. Analysis

The majority's opinion holds "the trial court's decision to allow the State to correct the indictments did not cure a mere clerical defect, but fundamentally changed the nature of the charge against defendant." I disagree.

"The indictment need not cite by number the pertinent statute." *State v. Page*, 32 N.C. App. 478, 481, 232 S.E.2d 460, 462 (held the defendant's argument that the indictment was defective because it failed to identify statutes by number had no merit), *cert. denied*, 292 N.C. 643, 235 S.E.2d 64 (1977). "A change in an indictment does not constitute an amendment where the variance was inadvertent and defendant was neither misled nor surprised as to the nature of the charges." *State v. Campbell*, 133 N.C. App. 531, 535-36, 515 S.E.2d 732, 735, *disc. rev. denied*, 351 N.C. 111, 540 S.E.2d 370 (1999). An indictment must provide "sufficient detail to put the defendant on notice as to the nature of the crime charged and to bar subsequent prosecution for the same offense in violation of the prohibitions against double jeopardy." *State v. Burroughs*, 147 N.C. App. 693, 695-96, 556 S.E.2d 339, 342 (2001).

The North Carolina General Assembly has authorized the use of "short-form" indictments for certain crimes. *State v. Jerrett*, 309 N.C. 239, 259, 307 S.E.2d 339, 350 (1983). Short-form indictments are authorized as a charging instrument for statutory sex offense. N.C. Gen. Stat. § 15-144.2(b) (2005); *State v. Wallace*, 351 N.C. 481, 505, 528 S.E.2d 326, 342, *cert. denied*, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000). Our Supreme Court has held short-form indictments are "sufficient to allege an offense even though not all of the elements of a particular crime are required to be alleged" therein. *Jerrett*, 309 N.C. at 259, 307 S.E.2d at 350.

N.C. Gen. Stat. § 15-144.2(b) (2005) provides the approved "short-form" essential allegations for an indictment charging sex offense:

> If the victim is a person under the age of 13 years, it is sufficient to allege that the defendant unlawfully, willfully, and feloniously

did engage in a sex offense with a child under the age of 13 years, naming the child, and concluding as aforesaid. Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in law as an indictment for a sex offense against a child under the age of 13 years and all lesser included offenses.

The indictments at issue alleged that the victim was under the age of thirteen, named the victim, and averred that defendant "unlawfully, willfully and feloniously did engage in a sex offense . . . ." These indictments clearly met the requirements of N.C. Gen. Stat. § 15-144.2(b) and were therefore "good and sufficient in law as an indictment for a sex offense against a child under the age of 13 years and all lesser included offenses." *Id.*

The majority's opinion relies on *State v. Miller* to support their holding that the State's correction of the indictments amounted to a substantial alteration of and amendment to the original charge. 159 N.C. App. 608, 583 S.E.2d 620 (2003), *aff'd per curiam*, 358 N.C. 133, 591 S.E.2d 520 (2004). "[T]he indictments in [*Miller*] allege[d] that defendant's alleged conduct with [the victims] violated N.C. Gen. Stat. § 14-27.7A, while judgment and commitment was actually entered upon defendant's conviction for violation of N.C. Gen. Stat. § 14-27.4(a)(1)." 159 N.C. App. at 612, 583 S.E.2d at 622.

In *Miller*, this Court:

"conclude[d] that, *under the very narrow circumstances presented by this case*, the use of "short-form" language authorized under N.C. Gen. Stat. § 15-144.2(b) in the indictments [was] not sufficient to cure the fatal defects found therein. . . . [T]he indictments cite[d] one statute, and defendant was *tried, convicted, and sentenced* under another statute."

159 N.C. App. at 614, 583 S.E.2d at 623 (emphasis supplied).

Here, the five indictments each contained sufficient information to charge defendant with a statutory first-degree sexual offense. Unlike *Miller* where the indictments at issue were never amended, the indictments at bar were amended to cite the correct statute at the close of the State's evidence following the denial of defendant's motion to dismiss. *Id.* Defendant was tried, convicted, and sentenced under the statute listed on the amended indictments. Defendant was not convicted or sentenced under any other statute. The facts before

us do not fit "the very narrow circumstances presented by [*Miller*]." *Id.* at 614, 583 S.E.2d at 623.

The corrections allowed by the trial court did not "substantially alter" the nature of the charges against defendant. *Snyder*, 343 N.C. at 65, 468 S.E.2d at 224. The trial court's decision to allow the State to correct the indictments cured a mere clerical defect and the correction did not fundamentally change the nature of the charges against defendant. If defendant needed or required additional information on the nature of the specific sexual act with which he stood charged, he could, and should have, moved for a bill of particulars. *See* N.C. Gen. Stat. § 15A-925(a) (2005) ("Upon motion of a defendant under G.S. 15A-952, the court . . . may order the State to file a bill of particulars . . . and to serve a copy upon the defendant."); *State v. Edwards*, 305 N.C. 378, 380, 289 S.E.2d 360, 362 (1982) (An indictment drafted pursuant to N.C. Gen. Stat. § 15-144.2(b) without specifying which sexual act was committed was sufficient to charge the crime of first-degree sexual offense and to inform the defendant of such accusation.).

## II. Conclusion

Defendant was given adequate notice of the charges brought against him and the statutorily required essential elements of first-degree sexual offense were alleged in each indictment. Defendant failed to show any prejudicial error in the trial court's order allowing the State's motion to amend to vacate the judgments against him at the close of the State's evidence.

The short-form indictments provided "sufficient detail to put the defendant on notice as to the nature of the crime charged and to bar subsequent prosecution for the same offense in violation of the prohibitions against double jeopardy." *Burroughs*, 147 N.C. App. at 695-96, 556 S.E.2d at 342. The amendment of the statute number in the indictments was not an essential element of the offense and did not prejudice defendant to constitute reversible error. *May*, 159 N.C. App. at 162, 583 S.E.2d at 304. *Miller*, by its own terms is "very narrow," and does not support the majority's conclusion to vacate defendant's convictions under these facts. 159 N.C. at 614, 583 S.E.2d at 623. I find no prejudicial error in defendant's convictions and the judgments entered thereon. I respectfully dissent.