STATE OF NORTH CAROLINA v. HOBEY GLENN WHITE, DEFENDANT

No. COA09-119

(Filed 16 February 2010)

**Indictment and Information— habitual impaired driving— amendment—look-back period—surplusage**

The amendment of an habitual impaired driving indictment to change the "look-back" period from seven to ten years did not fundamentally change the nature of the charge against defendant. The original indictment alleged that defendant had three prior

convictions in seven years, although only one was actually within the seven year period. However, all three were within ten years, as required by the amended statute, and the look-back language in the indictment was surplusage.

Appeal by defendant from judgment entered 23 July 2008 by Judge Kenneth F. Crow in Craven County Superior Court. Heard in the Court of Appeals 19 August 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Jess D. Mekeel, for the State.*

*Jarvis John Edgerton, IV for defendant-appellant.*

GEER, Judge.

Defendant Hobey Glenn White appeals his habitual impaired driving conviction, contending that the trial court erred in permitting the State to amend the indictment. The original indictment referred to defendant's having three prior driving while impaired ("DWI") convictions in seven years. Although seven years had previously been the "look-back" period set forth in the habitual impaired driving statute, the statute was amended prior to the date of defendant's offense to provide for a 10-year look-back period. We hold that because the original indictment at all times alleged the essential elements of habitual impaired driving under N.C. Gen. Stat. § 20-138.5 (2009)—three prior DWI convictions within 10 years of the charged offense—the language mistakenly referencing seven years was surplusage. Consequently, the amended indictment did not amount to a substantial alteration, and the trial court did not err in allowing the State to amend the indictment.

## Facts

At trial, the State's evidence tended to show the following. On 2 September 2007, at around 10:00 a.m., Deputy H.R. Orr with the Craven County Sheriff's Office was patrolling when he saw a 1982 GMC pickup truck sitting idle behind a Food Lion grocery store. The deputy observed the car's driver and sole occupant—later identified as defendant—drinking out of a wine bottle. When defendant noticed the deputy, he put the bottle down and drove away. The deputy pulled defendant over and subsequently arrested him for DWI. A chemical breath analysis indicated that defendant had a blood alcohol content of .12.

Defendant was indicted for DWI, habitual impaired driving, and driving with a revoked license. At the close of the State's evidence, defendant moved to dismiss the charges against him. The trial court dismissed the charge of driving with a revoked license, but denied defendant's motion to dismiss the DWI charge. Defendant presented no evidence and again unsuccessfully moved to dismiss the DWI charge. Defendant then stipulated that he had three prior DWI convictions. The jury convicted defendant of misdemeanor DWI.

Following the jury's verdict, defendant moved to have the trial court dismiss or arrest judgment on the charge of habitual impaired driving and enter judgment on misdemeanor DWI. Defendant pointed out that while the indictment recited a look-back period of seven years, the list of convictions in the indictment only included two convictions that fell within that seven-year period. The third conviction alleged in the indictment was more than seven years, but less than 10 years, prior to the charged offense. In response, the State moved to amend the indictment.

The trial court, after noting that only one of the convictions listed in the indictment was actually within the seven-year look-back period, allowed the State to amend the indictment to reference a 10-year look-back period that encompassed all three prior convictions. The court then entered judgment for habitual impaired driving and sentenced defendant to a mitigated-range term of 13 to 16 months imprisonment. Defendant gave notice of appeal in open court.

## Discussion

Defendant was charged with a violation of N.C. Gen. Stat. § 20-138.5(a), which provides that "[a] person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in G.S. 20-4.01(24a) within 10 years of the date of this offense." The previous version of this statute provided that in order to convict someone of habitual impaired driving, the State had to show three or more impaired driving convictions within only *seven* years of the date of the current offense. *See* Motor Vehicle Driver Protection Act of 2006, 2006 N.C. Sess. Laws ch. 253 § 12.

In this case, the indictment listed the offense date as 2 September 2007, bringing the offense within the amended version of N.C. Gen. Stat. § 20-138.5 that provides for a 10-year look-back period. The indictment, however, alleged that defendant "within seven (7) years

of the date of this offense, has been convicted of three (3) or more offenses involving impaired driving." The indictment then alleged that defendant had three prior convictions: (1) a DWI conviction on 3 October 1997 in Pamlico County; (2) a DWI conviction on 30 May 2000 in Craven County; and (3) a DWI conviction on 24 May 2001 in Craven County.

Thus, the indictment referenced a seven-year look-back period even though the law had been amended to provide for a 10-year look-back period. And, as the trial court pointed out, only one of the alleged convictions fell within that seven-year span. Defendant's sole contention on appeal is that the trial court impermissibly allowed the State to amend the indictment to reflect the correct look-back period. This issue presents a question of law that we review de novo. *See, e.g., State v. Brinson,* 337 N.C. 764, 767, 448 S.E.2d 822, 824 (1994) (reviewing de novo trial court's decision to allow State to amend indictment).

Although N.C. Gen. Stat. § 15A-923(e) (2009) provides broadly that "[a] bill of indictment may not be amended[,]" our appellate courts have interpreted this provision "to mean that 'a bill of indictment may not be amended in a manner that substantially alters the charged offense.'" *State v. Stephens,* 188 N.C. App. 286, 288, 655 S.E.2d 435, 437 (quoting *State v. Silas,* 360 N.C. 377, 380, 627 S.E.2d 604, 606 (2006)), *disc. review denied,* 362 N.C. 370, 662 S.E.2d 389 (2008). Defendant argues that because the indictment alleged a seven-year look-back period and only one of the alleged convictions fell within that period, the indictment alleged only the charge of misdemeanor DWI and not habitual impaired driving. Defendant then urges that allowing the State's amendment to the indictment to change the look-back period from seven to 10 years effectively elevated the misdemeanor DWI charge to a felony habitual impaired driving charge. This Court has held that an amendment "'which result[s] in a misdemeanor charge being elevated to a felony[] substantially alter[s] the charge in the original indictment.'" *Id.* at 289, 655 S.E.2d at 437 (quoting *State v. Moses,* 154 N.C. App. 332, 338, 572 S.E.2d 223, 228 (2002)).

Defendant contends that *State v. Winslow,* 169 N.C. App. 137, 609 S.E.2d 463 (Hunter, J., dissenting), *adopted per curiam,* 360 N.C. 161, 623 S.E.2d 11 (2005), is controlling. In *Winslow,* 169 N.C. App. at 138, 609 S.E.2d at 464, the defendant was charged with DWI and habitual impaired driving on 9 April 2000. The indictment alleged three prior convictions: 1 April 1993, 22 November 1998, and 2 October 1999. *Id.* at 139, 609 S.E.2d at 464. The defendant moved to dismiss the indict-

ment on the grounds that the 1993 conviction identified in the indictment was not within the seven-year look-back period. *Id.* The State was permitted to amend the indictment to change the date of the challenged conviction to bring it within the look-back period. *Id.*, 609 S.E.2d at 464-65.

This Court held that "[t]he amendment to the indictment did not substantially alter the charge set forth in the indictment" and was therefore permissible. *Id.* at 142, 609 S.E.2d at 466. The dissenting opinion, however, which was adopted by the Supreme Court, concluded that "the trial court erroneously allowed an amendment to the habitual impaired driving indictment." *Id.*, 609 S.E.2d at 467. The dissent explained that "[t]he conviction of three or more offenses involving impaired driving within seven years of the present offense are necessary elements for the charge of habitual impaired driving." *Id.* at 143, 609 S.E.2d at 467. Therefore, "the date of the conviction [was] necessary to charge the offense and not mere surplusage." *Id.*

The dissent then applied this reasoning to the indictment at issue:

> By including the offense date in the indictment, which was eight days outside of the seven year time period for habitual impaired driving, the State did not properly indict defendant for habitual impaired driving. Accordingly, the indictment amendment allowed at trial was a substantial alteration of the charge and was not allowed under N.C. Gen. Stat. § 15A-923(e).

*Id.* Without an amendment of the indictment to show three prior impaired driving convictions within the look-back period, the defendant "could not be convicted of habitual impaired driving and would only be sentenced for the misdemeanor impaired driving charge." *Id.* at 144, 609 S.E.2d at 467. Accordingly, the dissent concluded, "the indictment amendment was a substantial alteration of the charge because it elevated defendant's offense to a felony from a misdemeanor." *Id.* at 143, 609 S.E.2d at 467.

Defendant contends that under *Winslow*, this Court must vacate judgment on the habitual impaired driving conviction and remand for resentencing on the misdemeanor DWI charge. Defendant has, however, overlooked a significant distinction between this case and *Winslow*. In *Winslow*, the charged offense occurred on 9 April 2000. For one of the prior convictions, the indictment incorrectly listed the offense date of 1 April 1993, rather than the actual conviction date of 11 August 1993. As the date listed in the indictment was eight days

outside of the seven-year look-back period, the indictment on its face failed to allege all the elements of habitual impaired driving set forth in the controlling version of N.C. Gen. Stat. § 20-138.5(a): three prior impaired driving convictions within seven years of the date of the current offense. 169 N.C. App. at 143, 609 S.E.2d at 467.

Here, by contrast, the indictment at all times alleged the essential elements of the crime set out in N.C. Gen. Stat. § 20-138.5(a). The indictment alleged that the defendant drove while impaired and had three prior DWI convictions within 10 years of the date of the offense. Even though the indictment mistakenly identified the relevant look-back time frame as seven years, the convictions were actually within 10 years, so the essential elements of N.C. Gen. Stat. § 20-138.5(a) were alleged. Unlike *Winslow*, the State's mistake in this case did not involve an essential element of the crime, such as the date of a prior conviction.

" 'Allegations beyond the essential elements of the crime sought to be charged are irrelevant and may be treated as surplusage.' " *State v. Bollinger*, 192 N.C. App. 241, 246, 665 S.E.2d 136, 139 (2008) (quoting *State v. Westbrooks*, 345 N.C. 43, 57, 478 S.E.2d 483, 492 (1996)), *aff'd per curiam*, 363 N.C. 251, 675 S.E.2d 333 (2009). Thus, in *State v. Freeman*, 314 N.C. 432, 434, 333 S.E.2d 743, 745 (1985), although the indictment alleged that the defendant had kidnapped the victim " 'for the purpose of committing a felony: Rape or Robbery' "—an improper allegation in the alternative—the Supreme Court held that the indictment was not defective because the kidnapping statute required only an allegation that the kidnapping was done for the purpose of committing a felony. The Court concluded that "[t]he additional 'Rape or Robbery' language in the indictment [was] mere harmless surplusage and [could] properly be disregarded in passing upon [the indictment's] validity." *Id.* at 436, 333 S.E.2d at 745-46.

Similarly, in this case, the incorrect recitation in the indictment of a seven-year look-back period was not essential to the indictment. Despite this mistake, the indictment still alleged the essential elements of the crime as set forth in the statute. The language regarding the look-back period was mere surplusage that could be amended. *See also State v. Hicks*, 125 N.C. App. 158, 160, 479 S.E.2d 250, 251 (1997) (holding trial court did not err in allowing State to amend habitual felon indictment to allege that one of specified felonies was committed prior to defendant's 18th birthday and explaining: "[T]he amendment to the indictment against defendant did not

substantially alter the charge of habitual felon. The three under-lying felonies required to constitute the offense of habitual felon remained the same.").

Defendant argues that, nonetheless, when the State chose to allege a seven-year look-back period, it was bound by that choice under *State v. Keys*, 87 N.C. App. 349, 358, 361 S.E.2d 286, 291 (1987). In *Keys*, the defendant was charged with possession of " *'more than four* but less than fourteen grams of heroin.' " *Id.* The applicable statute, however, made it a Class F felony to possess " *'four grams or more*, but less than 14 grams' of heroin." *Id.* Thus, the indictment charged the defendant with possession of more than four grams, when under the statute she could be convicted for possessing exactly four grams. *Id.* This Court rejected defendant's argument that this variance from the statute rendered the indictment defective, pointing out that the indictment in fact alleged the essential elements of trafficking in heroin. *Id.* at 359, 361 S.E.2d at 291. In reaching this conclusion, however, the Court also held that the indictment "exclude[d] from criminal prosecution the possession of exactly four grams" and "limit[ed] the scope of defendant's liability . . . ." *Id.* at 358-59, 361 S.E.2d at 291.

Defendant argues that since the Court in *Keys* indicated that the State had limited itself to its allegation in the indictment that the defendant possessed more than four grams, the State, in this case, should be limited to the seven-year look-back period it alleged in the indictment. We note, however, that the language in *Keys* relied upon by defendant was dicta. Moreover, *Keys* does not consider the precise issue here: whether the indictment could be amended to correspond to the statute. Nothing in *Keys* suggests that the State would have been barred from amending the indictment to conform to the more expansive scope of the statute. Instead, *Keys* addresses what happens when there has been no amendment to the indictment. Finally, *Keys* involved a question of fact: the amount of heroin defendant possessed. Here, in contrast, the mistake was in the indictment's recitation of the applicable law. The State incorrectly described the look-back period as seven years rather than 10 years.

We find *State v. Hill*, 185 N.C. App. 216, 647 S.E.2d 475 (2007) (Tyson, J., dissenting), *adopted per curiam*, 362 N.C. 169, 655 S.E.2d 831 (2008), more analogous than *Keys*. In *Hill*, the indictment's caption identified the pertinent statute as N.C. Gen. Stat. § 14-27.7A (2005), but the text of the indictment set forth facts amounting to a violation of N.C. Gen. Stat. § 14-27.4 (2005). 185 N.C. App. at 219-20,

647 S.E.2d at 477. The trial court allowed the State, at the close of the evidence, to amend the indictment to reflect the proper statute, N.C. Gen. Stat. § 14-27.4. 185 N.C. App. at 220, 647 S.E.2d at 478. The majority for this Court vacated the judgment against the defendant on the ground that the State's amendment "fundamentally changed the nature of the charge against defendant" and was, therefore, "a substantial alteration of the original charge." *Id.* at 221, 647 S.E.2d at 478.

The dissent, which was subsequently adopted by the Supreme Court, concluded that there was "no prejudicial error in the trial court's discretionary decision to allow the State's motion to correct the indictments." *Id.* at 223, 647 S.E.2d at 479. The dissent concluded that the indictments were sufficient because they "alleged that the victim was under the age of thirteen, named the victim, and averred that defendant 'unlawfully, willfully and feloniously did engage in a sex offense . . . .' " *Id.* at 225, 647 S.E.2d at 480. The dissent explained that "[t]he corrections [to the indictment] allowed by the trial court did not 'substantially alter' the nature of the charges against defendant." *Id.* at 226, 647 S.E.2d at 481. Rather, "[t]he trial court's decision to allow the State to correct the indictments cured a mere clerical defect and the correction did not fundamentally change the nature of the charges against defendant." *Id.*

We hold, as in *Hill*, that the amendment of the indictment did not fundamentally change the nature of the charge asserted against defendant. The indictment at all times alleged, as required by N.C. Gen. Stat. § 20-138.5(a), three prior convictions within 10 years of the current offense. The language regarding the look-back period was surplusage, and the amendment simply corrected an error comparable to the one in *Hill*. There was no substantial alteration. We, therefore, find no error.

No error.

Judges ROBERT C. HUNTER and STEELMAN concur.