An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e   P r o c e d u r e .

NO. COA13-1177
NORTH CAROLINA COURT OF APPEALS

Filed:  17 June 2014

STATE OF NORTH CAROLINA

    v.                              Cleveland County
                                Nos. 12 CRS 002486-96,
                                    12 CRS 053213-14

REX REED DAVEY,
    Defendant.


Appeal by defendant from judgments entered 18 March 2013 by Judge Eric L. Levinson in Cleveland County Superior Court. Heard in the Court of Appeals 7 April 2014.

> *Roy Cooper, Attorney General, by David N. Kirkman, Special Deputy Attorney General, for the State.*

> *Michael E. Casterline, for defendant-appellant.*


MARTIN, Chief Judge.


Defendant Rex Reed Davey appeals from judgments entered upon jury verdicts finding him guilty of one count of first-degree sexual offense with a child and twelve counts of taking indecent liberties with a child. We find no error in defendant's trial.

On 11 June 2012, defendant was indicted for first-degree

sexual offense with a child and taking indecent liberties with a child for offenses allegedly committed against S.M. Defendant was indicted on eleven more charges of taking indecent liberties with a child, on 13 August 2012, for offenses allegedly committed against J.M. and C.M. years earlier. The matters were joined for trial, and the State presented J.M., C.M., and S.M. as witnesses.

Defendant testified and denied the allegations. At the close of all of the evidence presented at trial, the State moved to amend the offense dates alleged in nine of the thirteen indictments to 1 January 1991 through September 1994. Over defendant's objection, the trial court granted the motion. On 18 March 2013, the jury convicted defendant of the charges and the trial court imposed an active sentence of 254 to 314 months, with a suspended sentence and period of probation to follow the active sentence. Defendant was also ordered to register as a sex offender. Defendant appeals.

_____

On appeal, defendant argues the trial court erred by: (I) allowing impermissible expert opinion testimony by Dr. Christopher Cerjan, and (II) allowing the State's motion to amend the alleged offense dates in nine of the thirteen indictments.

I.

Defendant first argues the trial court erred in allowing Dr. Cerjan to testify as to the various ways victims of child sexual abuse report their abuse. Specifically, defendant contends the testimony was introduced by the State without a proper foundation and improperly bolstered the credibility of the alleged victims. We disagree.

We review the admissibility of expert opinion testimony for an abuse of discretion. *State v. Washington*, 141 N.C. App. 354, 362, 540 S.E.2d 388, 395 (2000), *disc. review denied*, 353 N.C. 396, 547 S.E.2d 427 (2001). In a sexual abuse case involving a child victim, an expert may testify, upon proper foundation, as to the characteristics of sexually abused children and whether an alleged victim exhibits such characteristics. *State v. Stancil*, 355 N.C. 266, 267, 559 S.E.2d 788, 789 (2002). The proponent of such testimony must lay a foundation establishing that "the expert witness possesses the necessary educational and experiential qualifications" to testify as to the characteristics of sexually abused children and whether an alleged victim exhibits those characteristics. *State v. Ragland*, __ N.C. App. __, __, 739 S.E.2d 616, 622, *disc. review denied*, __ N.C. __, 747 S.E.2d 548 (2013). "Where the expert testimony is based on a proper foundation, '[t]he fact that this

evidence may support the credibility of the victim does not alone render it inadmissible.'" *State v. Treadway*, 208 N.C. App. 286, 293, 702 S.E.2d 335, 342 (2010) (alteration in original) (quoting *State v. Kennedy*, 320 N.C. 20, 32, 357 S.E.2d 359, 367 (1987)), *disc. review denied*, 365 N.C. 195, 710 S.E.2d 35 (2011).

Dr. Cerjan was accepted as an expert witness in the field of pediatrics and child abuse without objection from defendant. Defendant does not dispute Dr. Cerjan's qualification as an expert in the field. The State, therefore, laid a proper foundation for Dr. Cerjan's testimony regarding the various ways victims of child sexual abuse disclose their abuse. *See Ragland*, __ N.C. App. at __, 739 S.E.2d at 622. Because Dr. Cerjan's testimony was based upon a proper foundation, it is of no consequence that the testimony may have supported the credibility of the victims. *See Treadway*, 208 N.C. App. at 293, 702 S.E.2d at 342. This argument is therefore without merit.

## II.

Defendant next argues the trial court erred in allowing the State's motion to amend the offense dates alleged in nine of the thirteen indictments to 1 January 1991 through September 1994. Defendant contends the amendments constituted a substantial change in the charges and deprived him of a fair opportunity to

present a defense. We disagree.

We review a trial court's granting of the State's motion to amend an indictment *de novo*. *State v. White*, 202 N.C. App. 524, 527, 689 S.E.2d 595, 596 (2010). Although N.C.G.S. § 15A-923(e) prohibits the amendment of an indictment, "[a] change of the date of the offense is permitted if the change does not substantially alter the offense as alleged in the indictment." *State v. Wallace*, 179 N.C. App. 710, 716, 635 S.E.2d 455, 460 (2006), *appeal dismissed and disc. review denied*, 361 N.C. 436, 649 S.E.2d 896 (2007). In sexual offense cases involving child victims, we follow a policy of leniency with respect to temporal specificity in indictments. *State v. Burton*, 114 N.C. App. 610, 613, 442 S.E.2d 384, 386 (1994); *see also State v. McGriff*, 151 N.C. App. 631, 637, 566 S.E.2d 776, 780 (2002) (concluding that the change of the date in the indictment for statutory rape and taking indecent liberties with a child to expand the time frame did not substantially alter the charges set forth in the indictment). As a result, "[u]nless the defendant demonstrates that he was deprived of his defense because of lack of specificity, this policy of leniency governs." *State v. Everett*, 328 N.C. 72, 75, 399 S.E.2d 305, 306 (1991).

In the case *sub judice*, the trial court allowed the State to amend the offense dates alleged in nine of the thirteen

indictments to reflect an offense period beginning on 1 January 1991 and ending on September 1994. Seven of the indictments that were amended originally alleged offense periods beginning on 1 January 1991 and ending in either 1991, 1992, or 1993. Relying on his testimony that he was in the military and stationed outside the State from 1988 until 1991, defendant contends the amendments to these seven indictments impaired his ability to prepare and present an alibi defense. However, the beginning dates of these offense periods were not amended; rather, only the end dates of these offense periods were uniformly changed to September 1994 to expand the time frames. Therefore, because defendant was provided sufficient notice of the beginning date of the alleged offenses, his alibi defense, if any, should have addressed all of 1991. Defendant, however, did not present any evidence as to when in 1991 he was discharged from the military. Under these circumstances, defendant's attempt to assert his reliance on an alibi defense is untenable.

Furthermore, we are unpersuaded by defendant's contention that discrepancies in the victims' accounts and estimations of the alleged offense dates "severely undercut" his defense. Any discrepancy in the victims' testimony only goes to the weight of the testimony and does not demonstrate that the amendments to

the alleged offense dates in the indictments impaired defendant's ability to present a defense. *See Burton*, 114 N.C. App. at 613, 442 S.E.2d at 386 ("Children frequently cannot recall exact times and dates; accordingly, a child's uncertainty as to the time of the offense goes only to the weight to be given that child's testimony."). We therefore conclude the amendments to the alleged offense dates in the indictments, as permitted by the trial court, did not substantially alter the charges against defendant nor did they impair his ability to prepare and present a defense.

No Error.

Judges McGEE and CALABRIA concur.

Report per Rule 30(e).